GUSTAVUS RAU, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

To bring a case within the prohibition of the excise law (§ 21, chap. 628, Laws of 1857, as amended by § 5, chap. 549, Laws of 1873), against the sale of intoxicating liquors or wines as a beverage on Sunday, it is not necessary to show the sale of a beverage, the intoxicating properties of which are so well known that the courts will take judicial notice thereof, but the character in this respect of the beverage sold may be determined by competent proof as a question of fact.

Where, therefore, upon the trial of an indictment for a violation of this prohibition, it was proved that the accused sold lager beer, and evidence was given tending to show that lager beer was intoxicating,

*held,* that a charge to the jury, that if they found it to be intoxicating they should convict, was not error.

The fact, that, while in other sections of the act the words used are " strong or spirituous liquors, wines, ale or beer," the words " ale or beer " are omitted in the section containing such prohibition; does not establish a legislative intent to omit lager beer from the prohibition; it was intended to cover all intoxicating beverages within the mischiefs of the act.

(Argued November 17, 1875; decided November 30, 1875.)

ERROR to the General Term of the Supreme Court in the fourth judicial department, to review judgment affirming a judgment of the Court of Sessions in and for the county of Monroe, entered upon a verdict convicting plaintiff in error of a misdemeanor.

Plaintiff in error was indicted for a violation of the excise law (§ 21, chap. 628, Laws of 1857, as amended by § 5, chap. 549, Laws of 1873), in having sold "intoxicating liquors and wines" on Sunday.

The facts appear sufficiently in the opinion.

*William H. Bowman* for the plaintiff in error. Whether lager beer was intoxicating was a question of fact. (21 N. Y., 173 ; 6 Park. Cr. R., 355.) Courts cannot take judicial notice that lager beer is intoxicating. (24 How., 289.)

*Angus McDonald,* assistant district attorney, for the defendants in error. The question, whether lager beer was an intoxicating liquor, was fairly submitted to the jury. (3 Den., 437 ; 21 N. Y., 174 ; 3 Park. Cr. R., 174 ; 6 id., 355.)

EARL, J. Rau was indicted in Monroe county, in 1874, for selling intoxicating liquors and wines on Sunday. On the trial he admitted that on the days charged in the indictment he sold lager beer by the glass as a beverage, having a license under the excise law. Evidence was given tending to prove that lager beer was intoxicating, and the judge charged the jury that if they found it to be intoxicating they

should convict the defendant. The defendant excepted to this charge, and the jury found him guilty. It is claimed on his behalf, that the sale of lager beer on Sunday is not prohibited by the excise law of 1857 as amended in 1873. (Laws of 1857, vol. 2, p. 413 ; Laws of 1873, p. 861.)

Section 21 of the Laws of 1857, as amended, provides, that " no inn, tavern or hotel-keeper, or other person, shall sell or give away intoxicating liquors or wines on Sunday." The question is, whether lager beer is included in the words " intoxicating liquors." As to such well known beverages as whiskey, brandy, gin, ale and strong beer, the courts without proof, acting upon their own knowledge derived from observation, will take notice that they are intoxicating, and will, therefore, require no proof of the fact. (*Nevin* v. *Ladue,* 3 Denio, 437 ; *The Board, etc.,* v. *Taylor,* 21 N. Y., 173 ; *People* v. *Wheelock,* 3 Parker Cr. R., 9 ; *Taylor* v. *People,* 6 id., 347.) But there are, doubtless, intoxicating beverages which are not so well known and of whose character the courts could not take notice, and more intoxicating beverages may yet be discovered. As to all such, when one is charged with selling them in violation of law, there must be proof that they are intoxicating before a conviction can be had. Hitherto the courts have not been willing to take notice that lager beer is intoxicating, but have submitted the question, when controverted, to the jury, to be determined upon the evidence. The plain and obvious intention of the section is to prohibit the sale of all intoxicating liquors, and when the liquors are not such as are known to the courts to be intoxicating, their character as intoxicating or not must be determined, as it was in this case, upon competent evidence as a question of fact.

But it is claimed that because the language used in section 5 of the same act is " strong or spirituous liquors, wines, ale or beer," therefore, by the omission of the words " ale or beer," in the section under consideration, the legislature manifested an intention to omit from the prohibition lager beer. If this claim has any foundation, it must go to the length of striking

from the prohibition of section 21 every thing that comes under the denomination of ale or beer. That one having a license violates the law by selling beer upon Sunday was decided in the case of *The People ex rel., etc.*, v. *The Commissioners of Police* (59 N. Y., 92).

It is a general rule of construction that force should be given to all the language used in an act, and a change in language or the omission of words sometimes has great significance. But the omission in this case has little significance, as language in the act of 1857, as will be seen in Judge Welles' opinion in 21 New York (*supra*), is used without much precision. The main idea of all the provisions, as evidenced by the title, was " to suppress intemperance, and to regulate the sale of intoxicating liquors " of all kinds, and comprehensive language was used so as to cover all kinds of intoxicating beverages which were within the mischiefs of the law. It cannot be supposed that the legislature intended to omit ale and beer from the prohibition, while, by laws which have long been among our statutes, even the sale of meat, fish and milk on Sunday is prohibited after nine o'clock. (1 R. S., 676.) This law should be construed with reference to other laws upon the same subject; and thus construed, giving proper effect to the language used, and proper consideration to the mischiefs intended to be remedied, there can be no doubt of the legislative intention.

I am therefore of opinion that in the portion of the charge complained of there was no error. I have examined the other exceptions to which our attention was called upon the argument, and it is sufficient to say of them that they are so clearly groundless as to need no consideration here.

The judgment should be affirmed.

All concur.

Judgment affirmed.