Supreme Court—General Term—Fourth Department.

*January,* 1883.

## PEOPLE *v.* SCHEWE.

EXCISE LAW—TO WHAT LIQUORS APPLICABLE—LAGER-BEER.—
EVIDENCE.—FORMER REVOCATION OF LICENSE.

Though the courts have not been willing to notice that lager-beer is intoxicating, yet the question when controverted should be submitted to the jury on the evidence.

The only line of distinction which can be drawn between the different kinds of liquors containing alcohol, to determine upon which the excise law operates, is between those which are capable of causing intoxication, and those containing so small a percentage of alcohol that the human stomach cannot hold sufficient to produce that effect.

Upon appeal from a judgment convicting appellant of selling lager-beer without a license, the point that the testimony of a witness to the effect that said liquor is intoxicating, should have been confined to the beer sold by defendant, cannot be raised under a general objection.

Upon such a trial, it was held proper to allow a physician called in behalf of the People, to answer the following. question: "In your opinion can the human stomach contain enough of beer, containing 2 11-100 per cent. of alcohol by weight to ordinarily or commonly intoxicate? and that the evidence tended to support the issue.

It is not error to refuse to permit the revenue officer from whom defendant obtained his government license, to testify on cross-examination, by defendant, "that he told all applicants that they should pay $25, for a retail liquor license, and that it was the universal practice to take the $25 license instead of the $20 malt liquor one." It is immaterial what said officer told other applicants, and a violation of a statute cannot be justified by custom.

Upon such a trial, where the defendant has been examined on his own behalf, he may, under § 832, Code Civ. Pro., be asked on cross-examination, if his license has not been taken away—for a violation of the excise laws—for selling beer on Sunday.

The proceedings for the revocation of a license under L. 1873, ch. 549, are in the nature of a trial, and the accused is entitled to a notice.

Appeal by defendant, Louis Schewe, from a judgment entered upon the verdict of a jury in the Court of Sessions of Cayuga county, December 23, 1881, S. EDWIN DAY, County Judge, presiding.

The appellant was indicted at the Cayuga county Oyer and Terminer, October, 1881, for violation of the excise law, and by order of said court the indictment was sent to the Court of Sessions for trial. There were two counts in the indictment, one charging the offense to have been committed by selling and causing to be sold on October 1, 1881, at the city of Auburn, in said county, strong and spirituous liquors and wines in quantities less than five gallons at a time, by retail, without license, and the other charging the offense to have been committed by selling and causing to be sold on that day and at said place strong and spirituous liquors and wines by retail, to be drank on the premises, without having obtained a license therefor as an inn, tavern or hotel keeper, and without being authorized thereto by law. The defendant pleaded not guilty.

Defendant kept a saloon in said.city, and had a summer garden, inclosed by a high fence, adjoining the same and connected therewith. The people proved sales of lager and weiss beer, by the defendant, his wife and his daughter, to be drank

in said saloon and in the said garden adjoining, and that for the years 1879, '80 and '81 defendant paid a special tax to the United States Government of $25 per annum as a retail liquor dealer. The defense was that the liquor so sold by the defendant was not intoxicating. The jury found the defendant guilty under the second count of the indictment, and the court sentenced him to pay a fine of $150, and to be confined in Cayuga county jail sixty days, and in default of payment of said fine to be confined in said jail until paid, not exceeding one hundred and fifty days in addition to said sixty days.

A motion was made for a new trial, also one in arrest of judgment, which were denied by the court; and this appeal was brought.

Various objections and exceptions were made, which, together with further facts, are set forth in the opinion.

*John D. Teller*, for appellant.

*R. L. Drummond*, district attorney, for the People, respondent.—The sale of a liquor of which the human stomach can contain enough to produce intoxication, is within the prohibition of the statute. Board of Commissioners of Excise of Tompkins County *v.* Taylor, 21 *N. Y.* 177.

It is sufficient to constitute an offense under this statute that an ordinary effect found to follow the use of a certain kind of liquor is entire or partial intoxication. People *v.* Zeiger, 6 *Park.* 355.

Whether the liquor sold was of that character (unless in cases of sales of whisky, brandy, or gin, of which the courts will take notice that they are intoxicating without proof (Rau *v.* People, 63 *N. Y.* 279), is a question of fact to be decided, when controverted, by the jury. People *v.* Zeiger, 6 *Park.* 355; Rau *v.* People, *supra.*

Lager-beer is within the prohibition of this statute and this rule. People *v.* Zeiger, 6 *Park.* 355; Rau *v.* People, *supra.*

The case of People *v.* Zeiger is almost the same in all respects as the present one. Lager-beer, if proved intoxicating, it is now well settled, comes within the prohibition against

strong and spirituous liquors. Dillman v. People, 4 *Week. Dig.* 251.

The case of the people herein is stronger than any reported, and the motion for the discharge of the defendant was properly denied.

The defendant insists that this particular lager-beer sold by him is not shown by the people to have intoxicated any particular person; that the people should be compelled to produce persons in court who had been intoxicated on this identical lager-beer. Under such a rule no person could be convicted of a violation of the excise laws, even though he sold whisky, gin, ale, &c., without license, because the people would be required to show that some person had become intoxicated on the particular article sold.

HARDIN, J.—In Rau v. People (63 *N. Y.* 279) the Court of Appeals said: " Hitherto the courts have not been willing to take notice that lager-beer is intoxicating, but have submitted the question to the jury to be determined upon the evidence. The plain and obvious intention of the section is to prohibit the sale of all intoxicating liquors; and where the liquors are not such as are known to the courts to be intoxicating, their character *as intoxicating or not* must be determined, as it was in this case, upon competent evidence as a question of fact."

Following the rule we have quoted the Court of Sessions in this case received evidence tending to show that lager-beer is intoxicating, and evidence tending to show that the lager-beer sold by the defendant was not intoxicating and then carefully and fully submitted the question of fact to the jury, and they have found against the defendant, and after reading the evidence in the appeal book we feel prepared to say the evidence fairly warranted the verdict. We agree with WELLS, J., when he says in Commissioners of Excise v. Taylor (21 *N. Y.* 178) that but one safe and sensible line of distinction can be drawn between the different kinds of liquor containing alcohol in order to determine upon which of them the statute was intended to operate, and that is between those which are capable of causing intoxication and those containing so small a percentage of

alcohol that the human stomach cannot contain sufficient of the liquor to produce that effect."

Of course we are not unmindful of the fact that different liquors and different quantities will produce different effects. upon different persons, and that the effect upon persons may depend upon their habits, their health, their age and constitutions.

In the case before us the trial court had all these considerations before it and many others, and was called upon to submit, as it properly did, the case to the jury.

Hull, as a witness called for the people, and who said he had drank lager-beer at different times in the defendant's garden adjoining defendant's house, " was asked if he had ever seen persons intoxicated on lager," and the defendant made a general objection thereto which was overruled by the court.

It is now urged that the inquiry ought to have been confined to the beer sold by the defendant. If the trial court had been asked to thus confine the inquiry we cannot say that it would not have complied, and we can say that the point now taken should have been raised at the trial. Salisbury v. Howe, 87 N. Y. 134. Nor was it error to allow Dr. Hamlin to give an answer to the question, viz.: "In your opinion can the human stomach contain enough of beer containing $2\frac{11}{100}$ per cent. of alcohol by weight to ordinarily or commonly intoxicate?" The objection was general, and the evidence tended to support the issue. The case of Manke v. People (17 Hun, 414) is distinguishable, for there the question was objected to upon the ground "that the opinion of the witness was incompetent and improper and on the ground that the subject was not one of science or skill." Nor was it error to exclude the offer to show by witness Gardner, a revenue officer, " that he told all applicants that they should pay $25 and that it was the universal practice to take the $25 license instead of the $20 one." It was too broad. It was immaterial what the revenue officers told other applicants, and it was immaterial what the universal practice was in that regard ; nor was the custom for parties who only sell ale and beer to obtain the $25 license pertinent or useful evidence. It was properly excluded. Bellinger v. Gray, 51 N. Y. 610.

A violation of a statute cannot be justified by custom. Fellows *v.* Mayor, 8 *Hun*, 484.

Defendant was sworn in his own behalf and gave evidence material to the issue, and in the course of his cross-examination he was asked if his license had been taken away, and he replied it had, and he was then asked : " Upon what charge the license had been taken away ? " to which question an objection and exception were taken. The witness answered, " For violation of the excise law ;" and he was then asked " Wasn't the charge for selling on Sunday ? " To which the defendant's counsel objected and excepted, and the witness answered, " I think it was. It was two years ago, I think." A revocation of a license is provided by section 4 of chapter 549 of the Laws of 1873, and the proceedings for such revocation are in the nature of a trial (People *ex rel.* Beller *v.* Wright, 3 *Hun*, 306), and the accused is entitled to notice. The question was proper in a cross-examination. People *v.* Crapo, 76 *N. Y.* 288 ; Grow *v.* Garlock, 15 *Week. Dig.* 259 ; Code Civ. Pro. § 832, and amendment of 1879.

The defendant, after the court had charged the jury, made several requests, and it is now urged that error was committed in refusing the fourth, fifth and sixth requests. They were as follows :

" Fourth. There is no proof in the case that any lager-beer containing two and eleven hundredths per cent. of alcohol is intoxicating, except the opinion of Dr. Hamlin, and there is no proof that any lager-beer containing a less percentage of alcohol than two and eleven hundredths is intoxicating. The evidence all agrees that a beer containing but one-half per cent. of alcohol is not intoxicating." " I decline to charge you that, gentlemen. I leave you entirely by the evidence to say whether the beer sold by the defendant was an intoxicating liquor." " Fifth. There is no direct proof as to the amount of alcohol contained in the beer sold by defendant." " I decline to charge you that." " Sixth. If you find that the analysis of Koenig's beer, made by Professor Towler in November, was a fair test of that beer, and you are not satisfied from the proof that defendant sold any different beer, you must acquit him." " I decline to charge you that."

· First. We think all the questions of fact involved in the requests were fully left to the jury. Second. The defendant was not entitled to have the court say " there was no proof as to the amount of alcohol contained in the beer sold by the defendant, as there was no evidence from which the jury were authorized to ascertain the quantity." See evidence of Dr. Hamlin and of Professor Towler. The court had submitted already the question involved in the sixth request, and it was not error to decline to repeat the charge. As a whole the charge presented the questions to the jury clearly and fully, and called upon the jury to resolve the disputed questions of fact, and their verdict seems to accord with the weight of the evidence. The defendant has not called our attention to any other alleged errors in the course of the trial, and we find nothing in the appeal book which requires us to disturb the verdict and judgment.

Judgment affirmed and proceedings remitted to the court of sessions of Cayuga county with directions to proceed thereon.

SMITH, J., concurs.