Supreme Court, New York Special Term. February, 1904. Reported. 94 N. Y. Supp. 525.

In the Matter of the Petition of PATRICK W. CULLINAN, for an Order Revoking and Cancelling Liquor Tax Certificate No. 4,638, Issued to BERTHA MEYER, and Transferred to JOHN J. McGOVERN.

BISCHOFF, J. Upon the uncontradicted testimony that " lager beer " was sold to and drunk by the witnesses upon the premises during the hours when the sale of " malt liquors " was prohibited, a violation of the statute is certainly apparent. A possible question, now suggested for the respondent, as to whether these policemen were sufficiently versed in the use of beer to discriminate between malt liquor and ginger ale, was not made the subject of cross-examination to test the value of the testimony, so far as an opinion was inferentially involved, and I must assume that the witnesses recognized the beverage which they were prepared to

describe. The intoxicating quality of lager beer may not be implied from the mere name (*People* v. *Rau*, 63 N. Y. 277), but this is not the question, since the proceeding is based upon the unlawful sale of a "malt liquor," a term which includes lager beer, the latter being, within the recognition of the Court of Appeals, "one of the best known, and probably the most extens-.vely used of the malted liquors." (*Blatz* v. *Rohrbach,* 116 N. Y. 455.) If, therefore, the witnesses drank lager beer, they must, as a matter of judicial knowledge, have drunk a malt liquor, and their possession of a taste which could discriminate is to be assumed in the absence of attack.

Motion granted.