### CULLINAN v. McGOVERN.

(Supreme Court, Special Term, New York County. May 19, 1904.)

1. INTOXICATING LIQUORS—UNLAWFUL SALE.

     The sale of "lager beer" which was drunk on the premises during the hours when the sale of malt liquors was prohibited was a violation of Liquor Tax Law (Laws 1897, p. 207, c. 312) § 2, defining liquors as used in the act to include all distilled or rectified spirits or fermented or malt liquors.

     [Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Intoxicating Liquors, §§ 142–144.]

2. SAME—WITNESSES—FAILURE TO CROSS-EXAMINE—EFFECT.

     Where, in a prosecution for violation of the liquor law, the witnesses are not cross-examined to test the value of their testimony, it must be assumed that they recognized the beverage which they described.

Motion by Patrick W. Cullinan, commissioner of excise, against one McGovern, to revoke his liquor license. Granted.

Herbert H. Kellogg, for petitioner.

James J. Walsh and Ashbel P. Fitch, for respondent.

BISCHOFF, J. Upon the uncontradicted testimony that "lager beer" was sold to and drunk by the witnesses upon the premises during the hours when the sale of "malt liquors" was prohibited, a violation of the statute (Laws 1897, p. 207, c. 312) is certainly apparent. A possible question, now suggested for the respondent, as to whether these policemen were sufficiently versed in the use of beer to discriminate between malt liquor and ginger ale, was not made the subject of cross-examination to test the value of the testimony, so far as an opinion was inferentially involved, and I must assume that the witnesses recognized the beverage which they were prepared to describe. The intoxicating quality of lager beer may not be implied from the mere name (Rau v. People, 63 N. Y. 277), but this is not the question, since the proceeding is based upon the unlawful sale of a "malt liquor," a term which includes lager beer, the latter being, within the recognition of the Court of Appeals, "one of the best known, and probably the most extensively used, of the malted liquors" (Blatz v. Rohrbach, 116 N. Y. 455, 22 N. E. 1049, 6 L. R. A. 669). If, therefore, the witnesses drank lager beer, they must, as a matter of judicial knowledge, have drunk a malt liquor, and their possession of a taste which could discriminate is to be assumed, in the absence of attack.

Motion granted.