(129 App. Div. 522.)

PEOPLE ex rel. LANCE v. O'REILLY, City Magistrate, et al.

(Supreme Court, Appellate Division, Second Department.   December 30, 1908.)

1. INTOXICATING LIQUORS (§ 134*)—"BEER."
    Beer is an alcoholic liquor made from any farinaceous grain, but generally from barley, which is first malted and ground, and its fermentable substance extracted by hot water; a fermented extract of the roots and other parts or products of various plants, as ginger, spruce, molasses, beet, etc.
        [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 143; Dec. Dig. § 134.*
        For other definitions, see Words and Phrases, vol. 1, pp. 731–734; vol. 8, p. 7588.]

2. INTOXICATING LIQUORS (§ 134*)—"LAGER BEER"—"STOCK BEER."
    "Lager beer" or "stock beer" is an unequivocal term, designating a light German beer so called because it is stored for ripening before being used.
        [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 143; Dec. Dig. § 134.*
        For other definitions, see Words and Phrases, vol. 5, pp. 3972–3974.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. INTOXICATING LIQUORS (§ 134*)—LAGER BEER—CHARACTER—"LIQUOR."
　　Liquor Tax Law (Laws 1896, p. 73, c. 112) § 31, as amended by Laws 1897, p. 233, c. 312, § 22, and Laws 1903, p. 1129, c. 486, § 13, prohibiting sales, etc., of liquors on Sunday, and Liquor Tax Law (Laws 1896, p. 47, c. 112) § 2, as amended by Laws 1897, p. 207, c. 312, § 1, and Laws 1903, p. 1111, c. 486, § 1, defining liquors as including fermented and malt liquors, etc., comprehends lager beer.
　　[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 143; Dec. Dig. § 134.*
　　For other definitions, see Words and Phrases, vol. 5, pp. 4180–4182.]

4. CRIMINAL LAW (§ 304*)—JUDICIAL NOTICE—CHARACTER OF LAGER BEER—"FERMENTED AND MALT LIQUOR"—"LIQUOR."
　　In a prosecution for selling intoxicants on Sunday, in violation of Liquor Tax Law (Laws 1896, p. 73, c. 112) § 31, as amended by Laws 1897, p. 207, c. 312, and Laws 1903, p. 1111, c. 486, the magistrate could take judicial notice that lager beer is a fermented and malt liquor within Liquor Tax Law (Laws 1896, p. 47, c. 112) § 2, as amended by Laws 1897, p. 207, c. 312, § 1, and Laws 1903, p. 1111, c. 486, § 1, defining "liquors" as including fermented and malt liquors, etc.
　　[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 716; Dec. Dig. § 304.*]

Appeal from Special Term, Kings County.

The People of the State of New York, on the relation of Angelo Lance, appeal from an order dismissing a writ of certiorari against Frank E. O'Reilly, city magistrate, and another. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

James E. Finegan, for appellant.

Peter P. Smith (John F. Clarke, Dist. Atty., on the brief), for respondents.

HOOKER, J. Upon this appeal by the relator from an order dismissing the writ of certiorari and remanding him, our attention is directed to the testimony taken before the magistrate upon the examination of this relator, who was brought before him charged with a violation of section 31 of the liquor tax law (Laws 1896, p. 73, c. 112). The propriety of the remedy is not questioned. Before the magistrate two police officers were called as witnesses, who described their entry on Sunday into a room in the rear of the barroom upon the premises, for which a liquor tax certificate had been issued in the name of one O'Cura, and who said they sat down at a table and each asked for a glass of beer, which was served by the defendant.

These questions and answers were a part of the examination:

"Q. Are you familiar with the taste of lager beer? A. Yes, sir.
"Q. Then you have drunk it before? A. Yes, sir.
"Q. You swear this was lager beer you were served with? A. I do."

And on cross-examination:

"Q. You would not want to put yourself up as an expert on liquor, would you, Officer O'Hara? A. No more than I have drunk lager beer before.
"Q. You asked for lager beer, and you have been served? A. Have been served with it, and to my common knowledge it was lager beer.
"Q. That is, it was in your opinion it was lager beer which was offered you? A. I know it was lager beer.

"Q. You don't know whether this was fermented or malted liquor, you don't know whether this particular glass of liquor was, do you? A. To the best of my common knowledge lager beer is fermented. * * *

"Q. You would not swear of your own positive knowledge that this particular liquid that was served to you was fermented or malted, would you? A. To the best of my knowledge it was. I don't. * * *

"Q. You are not expert of liquors, are you, Officer O'Hara, are you? A. No; I am not an expert."

Section 31 of the liquor tax law (Laws 1896, p. 73, c. 112), amended by Laws 1897, p. 233, c. 312, § 22, and Laws 1903, p. 1129, c. 486, § 13, provides inter alia:

"It shall not be lawful for any corporation, association, copartnership or person, whether having paid such tax or not, to sell, offer or expose for sale, or give away, any liquor: (a) On Sunday. * * *"

Section 2 of the act (Laws 1896, p. 47, c. 112, as amended by Laws 1897, p. 207, c. 312, § 1, and Laws 1903, p. 1111, c. 486, § 1) containing definitions provides that:

"The term 'liquors,' as used in this act, includes and means all distilled or rectified spirits, wine, fermented and malt liquors," etc.

The question before us is whether or not the testimony of Officer O'Hara (his fellow officer gave no stronger evidence than did he) gave the magistrate warrant to form a judicial opinion, first, whether a crime had been committed; and, second, whether there was a reasonable ground to suppose that the defendant was guilty of its commission. Code Cr. Proc. § 208; People ex rel. Bungart v. Wells, 57 App. Div. 140, 143, 68 N. Y. Supp. 59. It appearing that the lager beer was sold to the witness on Sunday, the concrete question presented by this appeal is twofold: First, whether the magistrate could take judicial notice of the fact that lager beer is fermented and malt liquor; and, second, if not, whether there was enough evidence before him to establish such fact.

In the many excise laws which preceded the enactment of the liquor tax law, liquors whose sale has been regulated have been variously described, and under the statutes various decisions have been made construing them. Thus in Rau v. People of the State of New York, 63 N. Y. 277, it was held that the court would not take judicial notice of the fact that lager beer is intoxicating; and it was said in the decision of that case:

"Section 21, c. 628, p. 413, Laws 1857, as amended, provides that 'no inn, tavern or hotel-keeper, or other person, shall sell or give away intoxicating liquors or wines on Sunday.' The question is whether lager beer is included in the words 'intoxicating liquors.' As to such well-known beverages as whisky, brandy, gin, ale, and strong beer, the courts without proof, acting upon their own knowledge derived from observation, will take notice that they are intoxicating, and will therefore require no proof of the fact. Nevin v. Ladue, 3 Denio, 437; Board, etc., v. Taylor, 21 N. Y. 173; People v. Wheelock, 3 Parker, Cr. R. 9; Taylor v. People, 6 Parker, Cr. R. 347. But there are, doubtless, intoxicating beverages which are not so well known and of whose character the courts could not take notice, and more intoxicating beverages may yet be discovered. As to all such, when one is charged with selling them in violation of law, there must be proof that they are intoxicating before a conviction can be had. Hitherto the courts have not been willing to take notice that lager beer is intoxicating, but have submitted the question, when controverted, to the jury, to be determined upon the evidence.

The plain and obvious intention of the section is to prohibit the sale of all intoxicating liquors, and, when the liquors are not such as are known to the courts to be intoxicating, their character as intoxicating or not must be determined, as it was in this case, upon competent evidence as a question of fact."

In Blatz v. Rohrbach, 116 N. Y. 450, 22 N. E. 1049, 6 L. R. A. 669, the Rau Case was followed. In the decision of that case it was said:

"It thus appears that in none of the cases, except People v. Wheelock, have the courts attempted to give to the word 'beer' a meaning importing an intoxicating liquor, but in all the fact has been recognized that some kinds of beer are intoxicating and some are not. While it is not necessary to say that the word would include, in its ordinary meaning, such mild drinks as spruce beer or ginger beer, it certainly would include 'lager beer,' which is one of the best known, and probably the most extensively used of the malted liquors. But, as has been shown, lager beer is not to be deemed intoxicating without proof of the fact. I do not see, therefore, how, on proof of a sale of beer, the jury could say that it was strong beer or intoxicating beer. It might have been lager beer, and, if it was, they were not authorized on the proof to find for the plaintiff. The proper rule is to require in all prosecutions for violation of the statute for selling beer evidence of the character and quality of the particular beverages sold. Full effect is thus given to the intention of the Legislature to regulate the sale of those liquors which are intoxicating, and the rules that must apply to all prosecutions of a criminal character are maintained."

The question presented under the present statute, however, is altogether different. The sale of liquor on Sunday is prohibited, and the definition of liquor includes a "fermented and malt liquor." The Century Dictionary describes beer as "an alcoholic liquor made from any farinaceous grain, but generally from barley, which is first malted and ground, and its fermentable substance extracted by hot water. * * * A fermented extract of the roots and other parts or products of various plants, as ginger, spruce, molasses, beet," etc.; and "lager beer, or stock beer, a light German beer so called because it is stored for ripening before being used." The same authority states what must certainly be understood as a matter of common knowledge, that lager beer is extensively manufactured in the United States. It was stated in the Blatz Case that lager beer is "one of the best known, and, probably, the most extensively used, of the malted liquors." In the light of what is commonly understood to be meant by the term "lager beer," the definitions of the dictionaries, and the statements in the cases, it is entirely apparent that lager beer is one of the liquors defined and described by the statute. Speaking of the several acts prior to the enactment of the liquor tax law, relating to excise, the court in People v. Cox, 106 App. Div. 299, 94 N. Y. Supp. 526, said:

"Unless the liquor was such that its strong, spirituous, or intoxicating qualities were well known, it was necessary in each case to show affirmatively that it was strong, spirituous, or intoxicating, and thus within the prohibitive part of the act which it was claimed had been violated. It seems to have been the deliberate intention and purpose of the Legislature in passing the liquor tax law to omit therefrom the words 'strong,' 'spirituous,' and 'intoxicating,' and to include within the prohibitive parts thereof the traffic in all alcoholic beverages within the definition of 'liquors' as contained in such statute, and to relieve the court from determining as a fact whether the liquor sold or given away is intoxicating."

Lager beer seems to be, in the United States at least, an unequivocal term, and is not misunderstood. It stands everywhere for a specific, definite article of manufacture, and is a fermented and malt liquor as much as whisky is a distilled liquor. We think the courts generally should take judicial notice of the fact, and that the magistrate whose decision is under review was justified in doing so, and that he acted with jurisdiction in issuing the commitment under which the relator was held in custody. This view renders it unnecessary to discuss the question whether or not in the record before the magistrate there was specific evidence that lager beer was a fermented or malt liquor.

The order appealed from should be affirmed. All concur.