CLEMENT, State Com'r of Excise, v. DWIGHT et al.

(Supreme Court, Appellate Division, Fourth Department.   March 9, 1910.)

1. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR.
    In an action on a bond given under the liquor tax law (Consol. Laws, c. 34) by defendants, holding a liquor tax certificate as licensed pharmacists, entitling them to sell liquor on prescription of a physician and alcohol for medical purposes, in which the breach claimed the sale of six pint bottles of Peruna to one person, which it was claimed was liquor, and defendants contended that it was a proprietary medicine, and an expert witness for plaintiff testified that the Peruna sold contained about 27 per cent. of alcohol and 73 per cent. of water, allowing him to state the percentage of alcohol in standard whisky, decanter wines, and lager beer was harmless, since the amount of alcohol in the mixture was not controverted, but the contention of defendants was that the drugs therein made it a proprietary medicine and a remedy in the treatment of diseases, without which it was clearly a liquor.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160; Dec. Dig. § 1050.*]

2. INTOXICATING LIQUORS (§ 88*)—ACTION FOR PENALTY—EVIDENCE.
    In an action on a bond given under the liquor tax law by defendants, holding a liquor tax certificate as licensed pharmacists, entitling them to sell liquor on prescription of a physician and alcohol for medical purposes, in which the breach claimed was the sale of six pint bottles of Peruna to one person, which it is claimed was liquor, and defendants contended that it was a proprietary medicine, it was proper to exclude evidence showing the percentage of alcohol in sundry preparations recognized as medicine in the United States Dispensatory, since these medicines, although designated as medicines in the Dispensatory, may have been liquor within the liquor tax law.
    [Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 88.*]

3. INTOXICATING LIQUORS (§ 88*)—ACTION FOR PENALTY.
    In an action on a bond given under the liquor tax law by defendants, holding a liquor tax certificate as licensed pharmacists, entitling them to sell liquor on prescription of a physician and alcohol for medical purposes, in which the breach claimed was the sale of six pint bottles of Peruna to one person, which it is claimed was liquor, and defendants contended that it was a proprietary medicine, defendants' good faith was unimportant; it being an action on a contract to recover for the breach of its condition, and the amount of damages being liquidated by the agreement itself.
    [Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 88.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Onondaga County.

Action by Maynard N. Clement, as State Commissioner of Excise, against Henry D. Dwight and others. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

William L. Barnum, for appellants Dwight and Nye.

Royal R. Scott, for respondent.

SPRING, J. The appellants Dwight and Nye were copartners carrying on a retail drug business in the city of Syracuse, and a liquor tax certificate was issued to them as licensed pharmacists in May, 1904, under the provisions of subdivision 3, § 11, Liquor Tax Law. The certificate was in force at the time of the alleged violation set forth in the complaint, and authorized these defendants to sell liquors upon the written prescription of a duly licensed physician, and also to sell alcohol for medicinal purposes without a prescription. Section 11, subd. 3, Liquor Tax Law (article 2, § 8, subd. 3, Liquor Tax Law, in Consolidated Laws). At the time of the filing of the application for such certificate these defendants delivered to the county treasurer of said county a bond in the penal sum of $500 executed by them as principals and the appellant guarantee company as surety, and which conformed to the provisions of section 18 of the liquor tax law (section 16 of that law in Consolidated Laws). This action was commenced by the State Commissioner of Excise to recover the penalty named in the bond by reason of the alleged breach of its provisions.

The evidence shows without dispute that on the 18th day of April, 1905, the defendants Dwight and Nye sold at their store to one Pollard six pint bottles of Peruna, which, the respondent claims, contained liquors. The defendants contend that the contents were a medicine, and this issue raised the principal question of fact. The evidence, again without controversy, showed that each bottle contained about 27 per cent. of alcohol and 73 per cent. of water, and that the other ingredients in the mixture did not prevent its use as a beverage. There was evidence on the one side showing that it possessed no medicinal value, and that the alcohol was the only part of the decoction possessing any practical efficacy; while the defendants gave proof tending to show that it was a cure or remedy for Bright's disease, catarrh, and other diseases. At the close of the evidence, the plaintiff moved for a direction of a verdict, the determination of which the trial court held in abeyance until the jury should pass upon six specific questions which it submitted. These questions were not objected to by the defendants' counsel, and at the suggestion of the court he aided in the preparation of some of them.

In answering these questions, the jury determined whether this preparation sold to Pollard was "a proper remedy for the treatment and cure" of Bright's disease and the various other diseases for which it was claimed to be a cure or remedy, and also whether the quantity of alcohol in the preparation was necessary to hold the drugs in solu-

tion, and whether "the quantity of drugs contained in one bottle of the alcohol diluted with water was sufficient in amount in tablespoonful doses, three or four times a day, to produce any appreciable remedial effect." Each question was answered by the jury in the negative, and consequently adversely to the defendants. Upon the coming in of this special verdict, the court directed a general verdict in favor of the plaintiff for $500. Code Civ. Proc. § 1187. The specific questions passed upon by the jury were explicit and covered every material question upon which there was any conflicting evidence, and each special finding is well supported by the evidence.

The appellants' counsel urges upon our attention certain alleged errors committed during the trial, which, he claims, require a reversal of the judgment. Dr. Deghuee, an expert witness on behalf of the plaintiff, had testified to his analysis of one bottle of the Peruna sold by the defendants to Pollard, and that it contained 27.31 per cent. alcohol by volume and 72.69 per cent. water by volume. He was then permitted to answer, over the objection and exception of the defendants' counsel, what per cent. of alcohol was contained in standard whisky and decanter wines and lager beer. The claim of the plaintiff was that this compound was a beverage, and that the drug ingredients in it did not make it a proprietary mixture of medicinal value or detract from its use as an alcoholic stimulant. In order that the jurors might appreciate the force of this claim, the plaintiff was permitted to show the quantity of alcohol in certain well-known beverages which were specifically defined to be liquors in the act. The jurors may possibly have been assisted to some extent by this proof in determining whether Peruna might be used as a beverage.

The evidence, however, was unimportant, and, even if objectionable, could not have been harmful. The quantity of alcohol in the mixture was not controverted. The position of the defendants was that the addition of the drugs to the mixture made it a proprietary medicine and a remedy in the treatment of certain specific diseases. The stimulating effect of the alcohol was not lessened by the drugs. If the ingredients which it is claimed gave medicinal value to the compound were eliminated, it could not be claimed that the alcohol, although diluted with water, was not liquor within the meaning of the act. The proof was not directed to the intoxicating properties of Peruna, or at least only incidentally. One of the tests applied to any mixture for the purpose of ascertaining whether it is liquor within the meaning of the liquor tax law is the quantity of alcohol it contains. When there is found in any preparation 27 per cent. of alcohol and 73 per cent. of water, it is clear it must be a liquor within the act, unless its effect is destroyed or largely neutralized by its mixture with other ingredients, and that was not the effect produced by the cubebs, corydalis, formosa, and the other component parts of Peruna.

In People v. Cox, 106 App. Div. 299, 94 N. Y. Supp. 526, the defendant was convicted of selling liquor without a license, where the offense charged consisted of the sale of one pint of a liquor "Maltrose," although it contained only about 1 per cent. in volume of alcohol. The defendants, in support of their claim that Peruna was a proprietary medicine, endeavored to show the percentage of alcohol

in tincture of arnica and other preparations recognized as a standard medicine in the United States Dispensatory, and this evidence was properly excluded. Each of these preparations, although designated as a medicine in the dispensatory mentioned, may have been liquor within the compass of the liquor tax law. After all, the only question the jury was interested in was the character of the Peruna sold by the defendants to Pollard, and its component parts were not in controversy to any extent.

The counsel for the defendants endeavored to show that they acted in good faith in selling the Peruna, believing it was a medicine. The action is on contract to recover damages for breach of its conditions, and the amount of the damages are fixed and liquidated by the agreement itself. Cullinan v. Burkard, 93 App. Div. 31, 33, 86 N. Y. Supp. 1003; Lyman v. Shenandoah Social Club, 39 App. Div. 459, 57 N. Y. Supp. 372; Lyman v. Perlmutter, 166 N. Y. 410, 60 N. E. 21. The question of intent is therefore unimportant. The act is a tax measure levying taxes at designated rates upon specific grades or kinds of the business of trafficking in liquors. The defendants upon the payment of $7.50 were granted permission to sell liquors only upon the prescription of a regularly licensed physician, and alcohol to be used for medicinal or mechanical purposes without a prescription, and the tax imposed is small by reason of these restrictions. If a sale of liquors or alcohol is made not within the privilege granted, the conditions of the bond are violated, and an action for the damages sustained may then be maintained. The findings of the jury in this case establish that the Peruna sold was not for medical purposes, but was a beverage salable only because of the quantity of alcohol contained in it.

We think the other exceptions discussed in the brief of the appellants' counsel do not constitute reversible error.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.