# SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

## April 5, 1918.

## THE PEOPLE v. PETER PALLUCH.

(182 App. Div. 603.)

LIQUOR TAX LAW—HARD CIDER A LIQUOR.

Hard cider containing six and three-tenths per cent. alcohol is liquor, within the meaning and intent of the Liquor Tax Law, for trafficking in which a liquor tax certificate is required.

Hence, one who sells such cider by the gallon, without a license, may be convicted of a violation of subdivisions 1 and 2 of section 8 of the Liquor Tax Law.

APPEAL by the defendant, Peter Palluch, from a judgment of the Court of Special Sessions of the city of New York, Bronx county, Part V, rendered against him on the 8th day of November, 1917, convicting him of having violated subdivisions 1 and 2 of section 8 of the Liquor Tax Law (Consol. Laws, chap. 34 [Laws of 1909, chap. 39], as amd. by Laws of 1917, chap. 623), by trafficking in liquor without a license.

*A. S. Gilbert,* of counsel (*Francis Gilbert,* with him on the brief; *Gilbert & Gilbert,* attorneys), for the appellant.

*Francis Martin, District Attorney* (*Charles B. McLaughlin* and *Peter A. Hatting,* with him on the brief), for the respondent.

LAUGHLIN, J.:

The question presented by this appeal is whether hard cider containing six and three-tenths per cent. alcohol is liquor within

the meaning and intent of the Liquor Tax Law for trafficking in which a liquor tax certificate is required.

It appears that the defendant was conducting on June 18, 1917, what is known as " a cider stube " at 919 Melrose avenue in Bronx county. The defendant had no liquor tax certificate. The sale for which he has been convicted was of two gallons of old or hard cider containing six and three-tenths per cent. alcohol. By the express provisions of section 2 of the Liquor Tax Law (Consol. Laws, chap. 34 [Laws of 1909, chap. 39], as amd. by Laws of 1910, chap. 485) that constituted trafficking in liquors provided such cider is liquor within the definition of that term contained in the same section which is as follows: " The term ' liquors,' as used in this chapter, includes and means all distilled or rectified spirits, wine, fermented and malt liquors." The juice of apples, commonly known as sweet cider when originally pressed from the apples, becomes by fermentation without distillation or the addition or use of malt, old or hard cider containing alcohol, the quantity of alcohol depending on the extent of the fermentation. There is no express evidence that hard cider is intoxicating and that is not the test under the present statute (People v. Cox, 106 App. Div. 299) ; but we may take judicial notice of the fact that it is the alcohol in a liquor that renders it intoxicating. This cider contained more, and hard cider generally contains as much or more alcohol than is found in lager beer which plainly and concededly is within the statute. (Encyclopædia Brittanica [11th ed.], vol. 3, p. 643; International Encyclopædia, vol. 3, p. 58.) Although the test no longer is whether the liquor is intoxicating, still the question as to whether it comes within the statute may depend upon how much alcohol it contains. (Clement v. Dwight, 137 App. Div. 389.) It is evident, therefore, that hard cider is sufficiently stimulating and intoxicating to afford the same propriety for regulating trafficking in it as for regulating trafficking in beer and other liquors containing a like or less per-

centage of alcohol, and in most States trafficking therein is regulated. (People v. Emmons, 178 Mich. 126, and note thereto in Ann. Cas. 1915D, p. 429. See, also, Rau v. People, 63 N. Y. 277; Board of Commissioners of Excise of Tompkins County v. Taylor, 21 id. 173; Blatz v. Rohrbach, 116 id. 450; People ex rel. Lanci v. O'Reilly, 129 App. Div. 522; affd., 194 N. Y. 592.) It is not improbable, therefore, that it was intended so to include it. It is, however, contended by the learned counsel for the appellant that the Legislature intentionally refrained from so doing by limiting the regulation relating to *fermented* liquors to those which are *both fermented and malt*. In support of this contention stress is laid on the use of the conjunctive " and " between " fermented " and " malt " in the statute, and it is pointed out that *wine,* which is fermented grape juice, is specified while old or hard cider is not mentioned. We are of opinion that those arguments although plausible are not convincing.

The Legislature undertook to enact a statute the meaning of which might be readily understood. Instead of specifying, as theretofore, the liquors for trafficking in which a liquor tax certificate would be required and repeating the terms through the statute, it determined to use the term " liquors " and to give a definition thereof showing what was intended to be embraced therein. The definition was intended to be inclusive and it was, therefore, necessary to use the conjunctive " and " to show that all the different liquors specified were included. True, the disjunctive " or " is found between " distilled " and " rectified," but not as indicating that *either* of them *only* is included, for it is manifest that distilled and rectified are there used synonymously and that is also indicated by the punctuation. If the disjunctive " or " had been used between " fermented " and " malt " near the end of the sentence it would govern the construction throughout and be deemed understood where the commas are. The difinition then would not according to gram-

matical construction show, as was plainly intended, that *each* and *every* liquor specified was included. There is, therefore, no basis for contending, *merely* on the phraseology of the statute, that the liquor must be *both* fermented and malt.

It would not be profitable to trace the history of legislation on this subject, for I think it would afford no aid in the construction of the present statute. Suffice it to say that at times cider has been subject to the liquor license or tax laws and at times it has been excepted, and that hard cider was deemed included in the law last preceding the enactment of chapter 112 of the Laws of 1896 (Gen. Laws, chap. 29), known as the Liquor Tax Law. (Nevin v. Ladue, 3 Den. 437; Overseers of the Poor v. McCann, 20 Wkly. Dig. 114.)

It is argued that *wine* is merely fermented grape juice without being distilled or rectified, and that if it had been intended to include any other merely fermented liquors they would have been specified with wine, and that the other liquors covered by the statute are only those which are both fermented and malt. In other words, it is argued that unless this be so there was no necessity for specifying wine, since being a fermented liquor it would have been included by the words following. It is not essential that we should know what led the Legislature to take the precaution to specify wine. It may be that the words *wines* and *liquors* — not wines and *other* liquors — had been used in the statutes so long that it was deemed best to specify wine lest it might be claimed that the Legislature did not consider it a *liquor* inasmuch as it had not been so generally considered before in the liquor laws. In People v. Cox (*supra*) the court construed the statute as requiring *fermentation* only, and in Clement v. Dwight (137 App. Div. 389) the percentage of alcohol was deemed important in deciding whether a fluid was " liquors " within the statute.

The learned counsel for appellant also relies on what is claimed to be the practical construction of the statute. The

evidence, however, affords no basis for an argument on either side on that theory. It merely appears by the testimony of a wholesale cider dealer that he has sold cider in different parts of the State and that it is retailed without a license. It may be that trafficking in hard cider has only recently sprung up and that the Department of Excise is not aware of it. But however that may be, the only advice given to the excise officials on this point, so far as appears, with respect to the application of the law, is a digest of the Liquor Tax Law by Mr. Lee, who was for many years after the enactment of said law chief counsel of the Excise Department, in which at page 7 he says: " Sweet cider is not a liquor, but ' hard ' cider, or cider that has commenced to ferment, is a liquor within the meaning and intent of the law."

If there should be an attempt to give the statute a technical construction which would forbid the sale of sweet cider after fermentation has set in to a slight extent only, the courts will doubtless, in determining the degree of fermentation, take into consideration the object for which the legislation was enacted and give it a reasonable construction. In the case at bar, however, it would be manifestly unfair to require one citizen to pay a heavy liquor tax to sell fermented liquor constituting a stimulating and intoxicating beverage and to permit others next door or across the street to sell without paying any tax equally stimulating and intoxicating fermented beverages. One of the principal objects of the present Liquor Tax Law is to raise a revenue, and manifestly that would be thwarted by the construction for which appellant contends.

It follows that the conviction should be affirmed.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Conviction affirmed.