STATE OF MINNESOTA v. J. JARVIS and Another.[1]

December 24, 1896.

Nos. 10,260—(42).

### Intoxicating Liquors—Violation of License.

G. S. 1894, § 2012, provides that all persons licensed to sell intoxicating liquors "are hereby required to close their places of business (hotels excepted) at eleven o'clock at night." J. and H. were indicted under this statute, charged with having unlawfully kept open after eleven o'clock at night their saloon, being a place wherein the sale of liquor was licensed; but the indictment contained no allegation that the place was not an hotel. *Held*, that the facts stated in the indictment did not constitute a public offense, inasmuch as it did not negative the exception.

Case certified from the district court for Polk county.

Defendants were indicted as stated in the opinion. They demurred to the indictment for the reasons (1) that it appeared from the

[1] Reported in 69 N. W. 474.

face thereof that the facts stated therein did not constitute a public offense; and (2) that it appeared from the face thereof that the facts stated therein did not constitute a public offense of which the district court had jurisdiction, and that the offense attempted to be set out was not indictable, but was exclusively within the jurisdiction of the municipal court of East Grand Forks. The demurrer was overruled. Reversed.

*H. W. Childs* and *Geo. B. Edgerton*, for the State.

*H. Steenerson*, for defendants.

BUCK, J. The defendants were indicted by the grand jury of the county of Polk at the general term of the district court held therein in the month of June, 1896, for the crime of keeping their saloon open after eleven o'clock at night, committed as follows:

"That said J. Jarvis and P. Holdahl, on the 24th day of March, 1896, at the city of East Grand Forks, in the county of Polk, and state of Minnesota, did willfully and wrongfully and unlawfully keep open after eleven o'clock at night on said day that certain place wherein the sale of intoxicating liquors was licensed, said place being then and there described as follows: Front room, lower floor, of that certain two-story frame building situated on lot fifteen, block nine, Eden Grove addition to the city of East Grand Forks, said place being then and there in charge and under control of said J. Jarvis and P. Holdahl."

Defendants demurred to this indictment on two grounds: First, that it did not state facts sufficient to constitute a public offense; second, that the offense attempted to be charged is not indictable, and that the court has no jurisdiction.

In support of the first ground of demurrer it is contended that the indictment should have negatived the exception contained in the enacting clause of the statute which defines the crime. G. S. 1894, § 2012, provides that all persons licensed to sell intoxicating liquors "are hereby required to close their places of business (hotels excepted) at eleven o'clock at night." It is contended that the indictment should have alleged that the place where these defendants were doing business was not an hotel. We think that the demurrer is well taken upon this point, and that the case is controlled by that of State v. McIntyre, 19 Minn. 65 (93), where it is said to be a familiar rule that:

"Where the enacting clause of a statute under which a criminal prosecution is brought describes the offense with certain exceptions in such clause expressed, it is necessary that an indictment should negative such exceptions."

The exception in the statute in this case is in the same clause that defines the crime, and the indictment should have negatived the exception. It is therefore unnecessary to discuss the second ground of demurrer. The court below overruled the demurrer, but, deeming the questions of law thereby raised to be so complex and doubtful as to require the decision of this court, certified the same hereto, with the consent of the defendants.

The order of the trial court is therefore reversed, and the case remanded to the court from whence it came, and such court directed to sustain by its order the demurrer to the indictment.