STATE OF MINNESOTA [1] v. JOHN CORCORAN and Others.[2]

November 5, 1897.

Nos. 10,786—(18).

Illegal Sale of Liquor—Indictment—Negativing Exceptions in Statute.

It is not necessary in an indictment under sections 1993, 2029, G. S. 1894, for selling intoxicating liquors without a license, to negative the proviso in section 2029 to the effect that the provisions of the section shall not be construed so as to prohibit druggists from dispensing liquors in filling physicians' prescriptions.

Case certified from district court for Sibley county, Cadwell, J. John Corcoran and others were indicted for selling liquor without a license. A demurrer to the indictment having been interposed by defendants, it was overruled and the cause certified to the supreme court. Affirmed.

*F. C. Irwin*, for defendants.

The supreme court of Michigan, construing the law of that state, Laws 1887, Act No. 313, has held an indictment to be bad when it does not negative the proviso by which druggists, selling liquor in response to a physician's prescription, are not amenable to prosecution for selling liquor without a license. People v. Haas, 79 Mich.

[1] STATE OF MINNESOTA v. JOHN WELCH and Others.

November 5, 1897.

Nos. 10,744—(20).

Case certified from the district court for Sibley county, Cadwell, J. John Welch and others were indicted for selling liquor without license. A demurrer to the indictment was overruled, and the case was certified. Affirmed.

*H. W. Childs*, *Geo. B. Edgerton* and *Ed. H. Huebner*, County Attorney, for the State.

*F. C. Irwin*, for defendants.

PER CURIAM.

This case involves the same and only the same questions as the case of State v. Corcoran and is ruled by it.

Order affirmed and case remanded.

[2] Reported in 72 N. W. 732.

449; People v. Decarie, 80 Mich. 578; People v. Drennan, 86 Mich. 445; People v. Aldrich, 104 Mich. 455.

Similarly the supreme court of Kansas, in which state druggists sell liquors under permit, has held that an information charging an unlawful sale is bad when it contains no statement that defendant had no such permit. State v. Burkett, 51 Kan. 175. Under the local option law of Kentucky which prohibits a physician's prescribing liquor, except for sickness, an indictment for selling liquor is fatally defective if it fails to state that the person to whom sold was not sick. Frank v. Com. (Ky.), 15 S. W. 877. In Missouri an indictment charging a druggist with selling liquor without a license is bad, if it fails to state that the sale was for medicinal purposes. State v. McAdoo, 80 Mo. 216; State v. McBride, 64 Mo. 364. In Arkansas failure in the indictment to negative the proviso is fatal. Thompson v. State, 37 Ark. 408. See Black, Int. Liq. §§ 444, 446.

*H. W. Childs* and *George B. Edgerton*, for the State.

The appellant's contention is not a valid one for the reason that the proviso referred to does not appear in the enacting clause of the statute. State v. Jarvis, 67 Minn. 10; Com. v. Hart, 11 Cush. 130; State v. Stapp, 29 Iowa, 551; Brittin v. State, 10 Ark. 299; State v. Miller, 24 Conn. 522; Cook v. State, 26 Ga. 593; Metzker v. People, 14 Ill. 101; State v. Beneke, 9 Iowa, 203; Com. v. Young, 7 B. Mon. (Ky.) 1; Com. v. McClanahan, 2 Metc. (Ky.) 8; State v. Boyington, 56 Me. 512; Hinckley v. Inhabitants, 42 Me. 89; State v. Gurney, 37 Me. 149; State v. Godfrey, 24 Me. 232; Com. v. Tuttle, 12 Cush. 502; Com. v. Fitchburg, 92 Mass. 189; State v. Cox, 32 Mo. 566; State v. Sutton, 24 Mo. 377; Kline v. State, 44 Miss. 317; State v. McGlynn, 34 N. H. 422; State v. Shaw, 35 N. H. 217; State v. Duggan, 15 R. I. 403; State v. Rush, 13 R. I. 198; State v. O'Donnell, 10 R. I. 472; Reynolds v. State, 2 N. & McC. 365; State v. Abbott, 31 N. H. 434; Werley v. State, 11 Humph. (Tenn.) 172; Jenkins v. State, 36 Tex. 638; Com. v. Foster, 5 Grat. 695; U. S. v. Schimer, 5 Biss. 195; Steel v. Smith, 1 B. & Ald. 94; Vavasour v. Ormrod, 6 B. & C. 430; Jones v. Axen, 1 Ld. Raym. 119.

The mere fact that the proviso is in the same section with the clause on which the indictment is founded does not require the proviso to be negatived. Clark v. State, 19 Ala. 552; State v. Powers,

25 Conn. 48; State v. Miller, 24 Conn. 522; Wells v. Iggulden, 3 B. & C. 186.

START, C. J.

The defendants were indicted for selling intoxicating liquors without a license. The material part of the indictment is in these words:

"The said John Corcoran, John Welch, and Thomas Duffy, on the 4th day of July, 1896, at the town of Faxon, in the county of Sibley and state of Minnesota, did unlawfully and feloniously sell and dispose of to one Michael Crahan one half pint of intoxicating liquor, to wit, lager beer of the value of five cents,—they, the said John Corcoran, John Welch, and Thomas Duffy, then and there not having a license to sell and dispose of said intoxicating liquors,—contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Minnesota."

To this indictment the defendant demurred on the grounds: (a) It does not state facts sufficient to constitute a public offense; (b) it charges more than one offense. The demurrer was overruled, and the district court certified the case to this court. The defendants in this court urge only the first ground of demurrer.

The indictment is predicated upon sections 1993, 2029, G. S. 1894. Section 2029 reads thus:

"Whoever sells, barters, gives away or otherwise disposes of any spirituous, vinous, fermented or malt liquors, without first having obtained license therefor agreeably to the laws of this state, shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof in any court having jurisdiction of the same, be punished by a fine of not less than fifty dollars nor more than one hundred dollars, together with the costs of prosecution, and by imprisonment in the county jail not less than thirty days nor more than ninety days. All prosecutions for the violation of any of the provisions of this section may be tried and conducted in a summary manner before any municipal court, police justice or justice of the peace having jurisdiction thereof, in the same manner as violations of any municipal ordinance or by-law may now be tried and conducted: provided, that the provisions of this section shall not be so construed as to prohibit any regularly licensed druggist from dispensing liquors in filling prescriptions made by any regular, reputable and duly licensed physician in the practice of his profession."

The contention of the defendants is that the indictment does not state a public offense, because it does not negative the proviso as to

druggists. If the proviso were a part of the enacting clause of the statute (that is, that part which defines the offense), it would be necessary to negative it in the indictment. State v. McIntyre, 19 Minn. 65 (93); State v. Jarvis, 67 Minn. 10, 69 N. W. 474. But an exception or proviso, which is no part of the enacting clause and is not descriptive of the offense, need not be negatived in an indictment, whether it is found in the same section as the enacting clause, or in a separate one. The test whether an exception or proviso must be negatived in the indictment is whether it is descriptive of the offense. If it is, it must be met by an allegation in the indictment, irrespective of its position in the statute; otherwise not. Bishop, Cr. Proc. § 639; Wharton, Cr. Pl. §§ 240, 241; Black, Intox. Liq. §§ 444, 445.

This rule is unquestioned, but there is some conflict in the adjudged cases as to its application. This conflict has arisen in many of the cases from the difficulty of determining, in doubtful cases, when the exception or proviso is a part of the description of the offense, and when it is not. Fortunately we are not confronted by any such difficulty in this case, for clearly the proviso to section 2029 is no part of the description of the crime and is not found in the enacting clause. The definition of the offense is complete without the proviso. Therefore it was not necessary to negative the proviso in the indictment. If the defendants are within the exempted class, and sold the liquor in question as druggists in filling a physician's prescription, it is a matter of defense to be proven by them on the trial.

Order overruling the demurrer must be affirmed, and case remanded for further proceedings.

So ordered.