(49 South. 987.)

No. 17,655.

STATE v. KEMP.

(June 14, 1909. Rehearing Denied June 30, 1909.)

1. LARCENY (§ 19*)—STEALING FROM THE PERSON.

"Stealing from the person" is an indictable offense under the statute.

[Ed. Note.—For other cases, see Larceny, Dec. Dig. § 19.*]

2. VALUE OF PROPERTY.

The defendant was accused of having stolen from the person property valued at $100.

3. LARCENY (§ 2*)—STEALING FROM THE PERSON—CONSTITUTIONAL LAW—ACT No. 133, P. 302, OF 1904.

The act under which the defendant was prosecuted is not illegal. State v. West, 106 La. 274, 30 South. 848.

[Ed. Note.—For other cases, see Larceny, Dec. Dig. § 2.*]

4. CLASSIFICATION OF CRIME.

The objection that the crime was not classified has no application.

5. WITNESSES (§ 20*)—EVIDENCE OF NONRESIDENT.

The ruling of the court permitting a witness who was a nonresident to give his testimony before the day the accused was tried was correct; the forms of law were followed in that respect.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 36; Dec. Dig. § 20.*]

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Andrew Jackson Murff, Judge.

Ralph Kemp was convicted of stealing from the person, and appeals. Affirmed.

B. H. Lichtenstein, for appellant. Walter Guion, Atty. Gen., and James Martin Foster, Dist. Atty. (Ruffin Golson Pleasant, of counsel), for the State.

BREAUX, C. J. The district attorney for the First judicial district for the state of Louisiana presented an information against Ralph Kemp charging him with feloniously stealing from the person of H. M. Graves a watch and chain alleged worth $100.

Under this information, he was tried by a jury, and found guilty, as charged, of stealing property worth $60 (was the return of the jury).

The law violated, according to the information, is Act No. 133, p. 302, of 1904, directed against those who are "guilty of stealing from the person." The act denounces both, the crime of stealing or attempting to steal from the person of another, when such theft, according to the act, "does not in law amount to robbery or to an assault with intent to rob."

In this case, the party was not charged with an attempt, but with directly stealing from the person.

The penalty is fixed at not over five years at hard labor.

The defendant was sentenced by the judge to service on the public roads of the parish for six months.

In the first bill of exceptions of the defendant he, through counsel, urged that the act is unconstitutional, unreasonable, and unusual; that under it, a heavier penalty may be imposed though his offense is inferior in grade of crimes to the offense denounced in section 811 of the Revised Statutes.

These grounds have no merit. There is nothing violative of the Constitution in the act. The intention evidently was to protect persons and punish those who take from the person property with a felonious intent. There is nothing unreasonable or unusual in such an enactment.

As to the real or imaginary inconsistency or incongruity between the section of the Revised Statutes quoted and the statute assailed, it presents no ground to set aside the statute as illegal. There may be some need of revision, but it remains that there is no illegal inconsistency or incongruity.

Nearly all of the questions involved have already been passed upon and decided adversely to the contention here on behalf of defendant.

In the case of State v. West, 106 La. 274, 30 South. 848, we said:

"Whether stealing from the person is per se a crime or not (we assert that it is), the statute makes it a crime."

It is not unconstitutional.

While the statute assailed does not provide a minimum penalty eo nomine, this court has decided that the failure to thus provide is not fatal to the law, as the least division of which time is susceptible is to be considered the minimum, and from that point of view there is a minimum penalty. State v. Cucullu, 110 La. 1087, 35 South. 300.

This point was reaffirmed recently in State v. Hageman. (No. 17,626, lately decided) 49 South. 530, 123 La. 802.

The points remaining undisposed of in bill of exceptions No. 2 are that the state failed to prove due diligence to secure the presence of the person from whose person it is charged defendant stole the property, and that there was no necessity for taking the testimony of this person at a time prior to the trial of the case.

We are informed by the per curiam of the trial judge, forming part of the bill of exceptions, that the witness was a nonresident. He was in Shreveport; to secure his presence at the trial, he was ordered to jail; doubtless, not pleased at the idea of going to jail because he had been victimized and was a witness, he made application in due form to be permitted to testify before the day of trial, stating he was unable to furnish bond.

We have found no prejudicial or other error in the trial judge's order permitting the witness to testify at chambers contradictorily as he did.

We are not of the opinion that the question of failure to grade misdemeanors is before us in due form, though urged in argument by defendant. If it were, we would not find it possible to decide that the offense charged is a misdemeanor.

It follows that it only remains for us to affirm the verdict, sentence, and judgment.

For reasons assigned, the verdict and sentence appealed from are affirmed.