# STATE v. FRANK SCHMIDT.[1]

May 27, 1910.

Nos. 16,713—(231).

**Sale of intoxicating liquor — indictment.**

It is not necessary, in an indictment for selling intoxicating liquors to a minor, to allege that the defendant did not make the sale as a licensed pharmacist.

Defendant was indicted in the district court for Carver county for selling intoxicating liquor to a minor. Defendant demurred to the indictment and the demurrer was overruled, Morrison, J., who certified to this court the questions stated in the opinion. Affirmed.

*George T. Simpson,* Attorney General, *Lyndon A. Smith,* Assistant Attorney General, and *J. J. Fahey,* County Attorney, for the State.

*W. C. Odell,* for defendant.

START, C. J.

The grand jury returned to the district court of the county of Carver an indictment against the defendant, which, so far as here material, was to the effect following: Frank Schmidt on the nineteenth day of February, A. D. 1910, at the city of Chaska, in the county of Carver, and state of Minnesota, did unlawfully sell and dispose of intoxicating liquor, namely, one glass of beer, of the value of five cents, to one Frank Rief, who was then a minor person, under the age of twenty one years, contrary to the form of the statute. The defendant demurred to the indictment, on the ground that it did not state facts constituting a public offense. The trial court made its

[1] Reported in 126 N. W. 487.

order overruling the demurrer, and at the request of the parties certified to this court the following questions:

"1. Does the indictment state facts constituting a public offense under the laws of the state of Minnesota?

"2. Is the indictment defective, because it does not negative the exception that the person accused was not a licensed pharmacist?"

These questions are, in legal effect, but one; for, if it was unnecessary to allege in the indictment that the defendant was not a licensed pharmacist, then the indictment undoubtedly charges a public offense. The question, then, is whether it was essential to the validity of the indictment to negative the exception as to licensed pharmacists. The answer depends upon whether the exception is a part of the enacting clause, so as to be descriptive of the offense. State v. Jarvis, 67 Minn. 10, 69 N. W. 474; State v. Corcoran, 70 Minn. 12, 72 N. W. 732. This involves the construction of certain sections of R. L. 1905, relating to intoxicating liquors.

Section 1519 provides that any person who shall sell any intoxicating liquor in quantities less than five gallons, or in any quantity to be drunk upon the premises, except as hereinafter provided, is guilty of a misdemeanor, and shall be punished by a fine of not less than $50 and by imprisonment in the county jail for not less than thirty days; section 1520 permits any licensed pharmacist to dispense such liquors upon the prescription of a licensed and practicing physician; section 1521 authorizes the granting of licenses for the sale of such liquor, but only at the time, in the place, and to the persons allowed by law; section 1532 provides that no licensed person shall sell such liquor at the times therein specified; and section 1533 designates the places in or at which the sale of such liquor in any quantity whatever is forbidden. Section 1534 deals with the persons to whom it is unlawful to sell such liquor, and provides as follows: "The sale of such liquor at any time or place, except by a licensed pharmacist as aforesaid, is illegal: (1) To a minor. (2) To a pupil or student of any school or other educational institution in this state. (3) To an intoxicated person or habitual drunkard. (4) To a public prostitute. (5) To a spendthrift. * * * (6) To any person of Indian blood."

These several sections of the statute are in pari materia, and must be construed together. So construing them, they constitute a terse and logical statute for the punishment of the unlawful sale of intoxicating liquors. Section 1519 is the enacting clause, which defines the several offenses and provides for their punishment, by making the sale of any intoxicating liquors by any person, except as therein stated, guilty of a misdemeanor, and fixing the minimum punishment. The subsequent sections of the statute deal with the question of who may lawfully sell intoxicating liquor and the conditions upon which they may do so, and provide that two classes only, pharmacists and persons to whom licenses may be granted, may sell such liquors. Any person who does not bring himself within one or the other of these classes violates section 1519 if he sells such liquors to any person under any circumstances. The office of sections 1532–1534, inclusive, is not to create or define or punish any offense, but simply to provide when, where, and to whom it is lawful for a party holding a license to sell such liquor. It would have been impracticable to have enumerated in section 1521 when, where, and to whom such liquor might lawfully be sold by a licensed dealer; hence the matter was definitely fixed by the process of exclusion, in the sections incidental and supplemental to section 1521, by making unlawful the sale of such liquor at the times, or the places, or to the persons enumerated in the supplemental sections. The enumeration of the times and places when and where the sale of such liquor was prohibited by necessary implication made all sales by a licensed dealer at any other times or places lawful and such as "are allowed by law," as that term is used in section 1522. But section 1534 enumerates the several classes to whom such sales are not allowed by law at any time or place, and for greater certainty excepts sales made by licensed pharmacists, as provided by section 1520; but this exception is no part of the enacting clause of section 1519, which defines and punishes the crime of selling intoxicating liquors at any time or place, to any person, except as provided in the subsequent sections to which we have referred.

It follows that the indictment is not based upon section 1534, but upon section 1519, and that it was not necessary to allege in the

indictment that the defendant did not make the sale as a licensed pharmacist. If he did as a pharmacist sell, as charged in the indictment, to a minor one glass of beer, it is a matter of defense. State v. Corcoran, supra; State v. Stroschein, 99 Minn. 248, 109 N. W. 235.

Order affirmed.