## STATE v. GUST SEELING.[1]

### July 10, 1914.

### Nos. 18,750—(12).

**Illegal fishing — proof of prohibited acts.**

1. On a prosecution for illegal fishing with a seine in violation of Laws 1905, c. 344, as amended by Laws 1907, c. 469, and Laws 1909, c. 190, the state makes out a *prima facie* case by proving the acts prohibited thereby, without negativing the exceptions provided by Laws 1909, c. 54, justification under the latter being a matter of defense.

**Cross-examination of defendant.**

2. Defendant was not prejudiced by cross-examination tending to negative such defense, though such went beyond the scope of his direct examination; this, moreover, being largely within the discretion of the trial court.

Gust Seeling and six other defendants, having been convicted of fishing with a net or seine by a jury in justice court, appealed to the district court for Martin county upon questions of law alone. The appeal was heard before Quinn, J., who made findings and ordered judgment, affirming in all things the judgment of the justice. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Frank M. Wilson, Paul C. Cooper* and *Allen & Lovell,* for appellants.

*Lyndon A. Smith,* Attorney General, *Clifford L. Hilton,* Assistant Attorney General, *E. C. Dean,* County Attorney, and *J. E. Palmer,* Former County Attorney, for respondents.

[1] Reported in 148 N. W. 458.

Philip E. Brown, J.

Defendant, after conviction in justice court upon a charge of illegal fishing with a seine on April 10, 1912, in violation of Laws 1905, p. 598, c. 344, as amended by Laws 1907, p. 724, c. 469, and Laws 1909, p. 216, c. 190, to which we will hereafter refer as chapter 190, appealed to the district court on law alone, and after affirmance there appealed from the judgment.

Chapter 190, with certain immaterial exceptions, prohibits the taking of more than 25 fish in one day, or in any manner other than by angling. Though defendant entered a plea of not guilty, he did not challenge the sufficiency of the complaint under chapter 190, and voluntarily testified to the commission of the acts alleged, but based his defense on the provisions of Laws 1909, p. 51, c. 54, permitting the use of seines under license from the game and fish commission. This act took effect more than a month before chapter 190. It authorizes the commission to license seining of certain fish under the direction and supervision of a game warden, but prohibits use of a seine of less than a certain mesh. It is contended that this chapter limits the effect of chapter 190, and that defendant's only acts consisted in taking fish of the kind permitted with a seine after being duly licensed. He further claims his constitutional right "to be informed of the nature and cause of the accusation," guaranteed by Const. art. 1, § 6, was violated, in that, while legally charged with an offense under chapter 190, he was tried and convicted for violation of chapter 54. On the trial, after the state proved the offense charged in the warrant, defendant testified in his own behalf to the taking of such fish only as were permitted by chapter 54, and tendered in evidence a license thereunder. The state was thereupon allowed, over defendant's objection of incompetency and inadmissibility under the charge, and of improper cross-examination, to show that the seine used was of smaller mesh than authorized by the statute, and the absence of supervision by a game warden. Error is assigned in these regards.

Chapter 54 may be admitted to be unrepealed by chapter 190, and defendant's point as to the two chapters being "harmonious, independent, cognate statutes," may also be conceded, and likewise the

pertinency of the rules of construction applicable to statutes *in pari materia*. Nevertheless, his main contention cannot be sustained. The state, in chief, clearly made out a *prima facie* case under chapter 190.

"It is never necessary to negative [in a charge] all the exceptions which, by some other statute than that which creates the offense, might render it legal, for these must be shown by the defendant for his own justification." Bishop Crim. Proc. (1st Ed.) § 513. See also State v. Holt, 69 Minn. 423, 425, 72 N. W. 700; State v. Schmidt, 111 Minn. 180, 126 N. W. 487.

It is unnecessary to prove what need not be alleged. Neither is it a defense under one statute that defendant might have been prosecuted under another. Bishop, New Crim. Proc. § 612 (4). The license alone, without proof of compliance with its terms, was not a justification, the latter being of equal importance with the former; nor could defendant evade responsibility for acts clearly in violation of chapter 190, by claiming right to do them under another statute, without bringing himself within its terms. This he failed to do.

It follows that defendant was not prejudiced by the cross-examination complained of. Moreover, many authorities declare an exception to the general rule limiting cross-examination to subjects developed on direct, to the effect that where a defendant exercises his privilege of testifying in his own behalf, he thereby waives his statutory exemption and may be cross-examined concerning any matters pertinent to the issue. This exception was recognized and applied in National G. A. Bank v. Lawrence, 77 Minn. 282, 289, 79 N. W. 1016, 80 N. W. 363, a civil case, with an intimation that it would also apply in criminal actions. However, this question was not argued here, and need not now be determined; for even in jurisdictions limiting cross-examination to the scope of the direct the rule is not followed absolutely, its application in any case being left to the discretion of the trial court, subject to review only for abuse. 40 Cyc. 2506. This is our rule. 3 Dunnell, Minn. Digest, § 10318.

We find no reversible error.

Judgment affirmed.