## STATE v. C. J. MINOR.[1]

June 22, 1917.

Nos. 20,306—(12).

**Criminal law — what exceptions in statute complaint should negative.**

1. A criminal complaint should negative an exception found in the enacting clause, or descriptive of the offense, but need not negative an exception not descriptive of the offense and not found in the enacting clause.

**Same — fire protection for hotels.**

2. The statute makes it a misdemeanor to fail to provide hotels, above a certain size, with standpipes for fire protection; but also provides

[1]Reported in 163 N. W. 514.

that, if for lack of waterworks or steam to operate pumps a standpipe is not practicable, other fire protection shall be provided. *Held*, that this latter provision need not be negatived in a complaint charging a failure to install a standpipe, but if a standpipe be impracticable that fact may be shown as a defense.

**Evidence.**

3. The hotel inspector was properly permitted to explain an erasure made in the copy kept as his record of a notice served upon defendant.

**Criminal law — secondary proof of document in possession of defendant.**

4. In a criminal prosecution, the defendant cannot be required to produce a document in his possession for use at the trial, and showing that it is in his possession is a sufficient foundation for the introduction of secondary evidence of its contents.

**Conviction sustained.**

5. The evidence is sufficient to sustain the conviction.

Defendant was arrested on a warrant issued upon the complaint of William G. Mee, charging defendant with a violation of the hotel laws, tried in the municipal court of St. Paul before Boerner, J., who found defendant guilty. Defendant's motion for a new trial was denied. From the judgment of guilty and the subsequent sentence of the court, and from the order denying a new trial, defendant appealed. Affrmed.

*James R. Hickey,* for appellant.

*Richard D. O'Brien* and *Harry H. Peterson,* for respondent.

TAYLOR, C.

Section 5119 of the General Statutes of 1913 provides:

"In all hotels and restaurants more than two stories high with ten or more sleeping rooms where sleeping accommodations are furnished to the public, each six thousand feet of area or fractional part thereof shall be provided with a one and three-fourths inch standpipe, and sufficient one and one-fourth inch hose connected therewith on each floor and constantly furnished with sufficient water pressure from water works or pump which can be put into instant action, or for each such area there shall be a two and one-half inch metallic standpipe with metallic ladder attached above the first story, located upon the outside of the wall extending above the roof and so situated as to be accessible from the roof and from each story above the first, with valves and male hose connections at every story and on the roof, and female hose

connections at base of the pipe of such size and pattern as to allow connection with the equipment of the local fire department. There shall also be provided for each eighty-five hundred feet of such area or fractional part thereof at least one efficient chemical fire extinguisher on each floor containing sleeping apartments. If, for lack of water-works or steam to operate pumps the inside standpipe is not practicable, then, in addition to the fire extinguishers there shall be placed in the hallway on each floor containing sleeping apartments one barrel of water and two pails labeled 'For fire purposes only.' "

Operating a hotel of the size and character designated without having complied with the requirements of the statute is made a misdemeanor, and defendant was convicted of having operated a hotel of such size and character without first having provided the standpipes required by the statute. He appealed.

His principal contention is that the complaint does not state facts sufficient to constitute a criminal offense, for the reason that it does not negative the exception which permits him to provide barrels of water and pails instead of a standpipe, and does not charge that he had failed to provide such barrels of water and pails.

The general rule, as usually stated, is that an exception or proviso which is descriptive of the offense, or is found in the enacting clause of the statute, must be negatived in an indictment or criminal complaint. State v. McIntyre, 19 Minn. 65 (93); State v. Jarvis, 67 Minn. 10, 69 N. W. 474; State v. Tracy, 82 Minn. 317, 84 N. W. 1015. The converse of this rule, that an exception or proviso not found in the enacting clause and not descriptive of the offense need not be negatived, as it is matter of defense, is equally well established. State v. Corcoran, 70 Minn. 12, 72 N. W. 732; State v. Schmidt, 111 Minn. 180, 126 N. W. 487; State v. Seeling, 126 Minn. 386, 148 N. W. 458, 14 R.C.L. 188, and cases there cited. It is not necessary in this case to consider whether the rule requiring an exception to be negatived, if found in the enacting clause, adopts a mechanical rather than a true test, and rests upon the assumption that in such cases the exception always enters into the definition of the offense. The provision here in question is not found in the enacting clause of the statute, and we think is no more descriptive of the offense than were the provisions considered and con-

strued in the cases above cited. The enacting clause of the statute unconditionally requires the installation of a standpipe, located either inside or outside the building as the owner prefers, and then a subsequent clause provides that, if for lack of waterworks or steam to operate pumps a standpipe is not practicable, water barrels and pails shall be provided. The clause requiring the standpipe is positive and unconditional, and is violated unless the standpipe be furnished; but, if a hotel is so situated that supplying water through a standpipe is not practicable, the subsequent clause in effect withdraws such hotel from the operation of the provision requiring a standpipe. "If a proviso withdraws a case from the operation of the enacting clause, which, but for the proviso, would be within it, the proviso need not be negatived." This is the rule drawn from the cases cited in the exhaustive note found in 6 Ann. Cas. at page 728. Under this rule it was not necessary for the complaint to negative the provision upon which defendant relies and his contention is not well founded. If the conditions at defendant's hotel are such that it is not practicable to supply water at the several floors thereof by means of a standpipe, he may excuse his failure to install the standpipe by showing that fact, but the prosecution was not required to negative it in the complaint nor to assume the burden of disproving it.

The hotel in question is eight stories in height above the basement and has enough sleeping rooms and covers enough area to require two standpipes. The building is connected with the city waterworks system, but is located upon high ground, and the water pressure in the city mains is not sufficient to raise the water to the upper floors. The rooms are supplied with running water from a steel tank placed upon the roof. An inside standpipe extends from this tank to the basement through which the tank is kept filled with water by means of an automatic electric pump located in the basement. The building is heated by steam furnished by boilers in the basement, and is provided with three steam pumps in the basement that can be operated by the steam generated in these boilers whenever necessary. These boilers are only operated when heat is required, and to operate them during the summer for the purpose of supplying water to another standpipe would entail considerable additional expense, but no reason appears why another

electric pump could not be installed if preferred on the ground of cheapness. We cannot say as a matter of law that it was impracticable to provide another standpipe, and cannot sustain defendant's contention that the conviction is not justified by the evidence.

The statute requires the hotel inspector to cause every hotel to be inspected at least once each year, and, if found not conducted or not equipped in the manner required by the statute, to notify the owner, proprietor or agent, "of such condition so found, and such owner, proprietor or agent shall forthwith comply with the provisions of this act unless otherwise herein provided." An inspection of the hotel was made in 1915, and disclosed that it was of such size and character that two standpipes were required by the statute, and that only one had been supplied. Notice to this effect was given to defendant. By means of a sheet of carbon paper the notice was prepared in duplicate, and one copy was served upon defendant, and the carbon copy was retained by the inspector as a part of his records. At the trial it appeared that the notice as served upon defendant stated that if an outside standpipe were provided it should be "located on the outside of the wall near freight elevator," and that the inspector had subsequently erased the words "near freight elevator" from the carbon copy retained by him. In explanation of the insertion and subsequent erasure of these words, the inspector was permitted to testify that he inserted them for the reason that, if the pipe was located at that place, the fire escape already constructed would serve as the metallic ladder required by the statute, and would save the expense of constructing a new metallic ladder; that, in a conversation with defendant, defendant objected to this location, and that he told defendant to place it where he pleased, and afterwards erased those words from his own copy of the notice.

Defendant insists that the admission of this testimony was error. We cannot so hold. It was proper to explain the erasure, and the erased words were merely surplusage. The statute imposed no duty upon the inspector to determine where the standpipe should be placed, but left that duty resting upon defendant, and the erased words should have been disregarded in any event as outside the province of the inspector. No prejudice resulted to defendant. The statute authorizes the inspector to grant an extension of the time for complying with its re-

quirements. Defendant applied for and obtained two or more extensions, but failed to install the standpipe. After the expiration of these extensions, the inspector served a new notice upon him, allowing him two months thereafter in which to install the standpipe. This notice contained no provision as to the location of the standpipe, and the prosecution was not commenced until after the time to comply with this notice had expired. Any error in the first notice was cured by the last one.

Defendant insists that the court erred in admitting in evidence the carbon copy of this last notice retained by the inspector, for the reason that the prosecution had not served notice upon defendant to produce the original delivered to him and still in his possession. This was a criminal prosecution, and defendant could not be required to produce the document in his possession for the purpose of being used as evidence against himself. Under such circumstances, we think the prosecution should be permitted to present secondary evidence of the contents of the document without serving notice upon the defendant to produce the original. Showing that the original is in the possession of the defendant is a sufficient foundation for such secondary evidence.

Some other questions are raised but do not require special mention. We find no errors requiring a reversal and the judgment is affirmed.