## STATE v. HERMAN A. BOHL.[1]

January 16, 1920.

No. 21,521.

**Indictment for illegal practice of medicine sufficient.**
.1. An indictment charging that, at a certain time and place, the person named therein did unlawfully practice medicine, and for a fee, prescribe, direct and recommend certain drugs and medicine for use and medicinal treatment (of a certain person) without a license so to do, states an offense under section 4981, G. S. 1913.

**Same — exceptions in statute need not be negatived.**
2. Nor is it necessary, under such statute, that the indictment negative the exceptions in the statute, such exceptions not appearing in the enacting clause of the act.

**Remarks of prosecutor not prejudicial.**
3. Remarks of the prosecuting attorney made to the jury, considered and *held* not to be prejudicial to the rights of the accused, when considered in connection with the charge.

Defendant was indicted by the grand jury of McLeod county charged with the crime of practicing medicine without first having secured a license, tried in the district court for that county before Tifft, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which found him guilty as charged in the indictment. Defendant's motion for a new trial was denied. From the judgment sentencing him to the common jail for 90 days, defendant appealed. Affirmed.

[1]Reported in 175 N. W. 915.

*P. W. Morrison,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *William O. McNelly,* County Attorney, for respondent.

QUINN, J.

Defendant was indicted, tried and convicted of practicing medicine in McLeod county, in this state, between the seventeenth and twenty-fourth days of March, 1919, without a license so to do. From an order denying his motion for a new trial defendant appeals.

It is contended on behalf of appellant: (1) That the indictment fails to state a public offense; (2) that the evidence is not sufficient to support the conviction; (3) that the prosecuting attorney was guilty of such conduct in his opening address to the jury as to prejudice the rights of the defendant.

The indictment charges in effect that the defendant, between the seventeenth and twenty-fourth days of March, 1919, at the city of Glencoe, did unlawfully practice medicine, and, for a fee, prescribe, direct and recommend certain drugs and medicine for the use and medicinal treatment of one William Frank Bedner, without a license so to do. The indictment charges a violation of section 4981, G. S. 1913. State v. Rolph, 140 Minn. 190, 167 N. W. 553, L.R.A. 1918D, 1096.

The objection that the indictment fails to negative the exceptions in the statute, namely, that the defendant was not a surgeon of the United States army or navy, and that he was not a physician from another state in consultation, etc. is not well taken. State v. Schmidt, 111 Minn. 180, 126 N. W. 487; State v. Corcoran, 70 Minn. 12, 72 N. W. 732.

The undisputed testimony shows that, at the time stated in the indictment, William Frank Bedner was less than one year of age and was ill at his mother's home near Glencoe; that the mother called the defendant over the telephone to come and treat the child; that defendant responded to such call, examined the child, left some medicine for him, prescribed further treatment and received a fee of $15 therefor. The defendant offered no testimony, nor was there any proof that he was licensed to practice medicine.

Upon the trial a druggist of the city was called as a witness. He pro-

duced 60 prescriptions issued to divers persons in the vicinity, which had been filled at his drug store, all bearing date during the week mentioned in the indictment. The witness testified that these prescriptions all bore the signature of the defendant in his own handwriting, with the letters "M. D." appended hereto. They were all admitted in evidence, over defendant's objection, as bearing upon the question whether the defendant held himself out as a practicing physician in the vicinity.

Considerable was said by the county attorney in his opening address to the jury which might well have been left unsaid, but under the instructions of the court in reference thereto, the rights of the defendant were in no way prejudiced.

We find no reversible error in the record and the order appealed from is affirmed.