## STATE v. VICTOR NORDSTROM.[1]

### June 11, 1920.

### No. 21,786.

**Intoxicating liquor — indictment — negativing proviso in statute.**

1. In an indictment for illegal manufacture of intoxicating liquor, contrary to chapter 455, Laws 1919, it is not necessary to negative a proviso of the statute which permits the use of alcohol in the manufacture of certain articles. The test to determine whether a proviso must be negatived, is whether it is descriptive of the offense charged. This proviso is not descriptive of the offense charged.

**Confession.**

2. There is no evidence that a confession, alleged to have been made, was made under the influence of fear, duress or expected favor.

**Evidence tending to prove offense.**

3. Under section 8462, G. S. 1913, it is only necessary that the evidence, other than the confession, should reasonably tend to prove the commission of the offense charged.

**Same.**

4. The state amply supplied such other evidence in this case.

**Charge to jury.**

5. Certain exceptions to the charge are *held* not well taken.

**Punishment for nonpayment of fine — duration.**

6. Where a statute provides for punishment by fine and imprisonment, the period of commitment for nonpayment of the fine cannot exceed the limit of imprisonment prescribed by the statute.

Defendant was indicted by the grand jury of Hennepin county, charged with the crime of manufacturing intoxicating liquor, tried in the district court for that county before Jelley, J., and a jury, and found guilty as charged in the indictment. Defendant's motion for a new trial was denied. From the order denying his motion for a new trial, and from the judgment sentencing him to pay a fine of $500, or in default thereof to be confined in the workhouse until the fine was paid, not exceeding

1Reported in 178 N. W. 164.

the term of one year, defendant appealed. Judgment and sentence modified.

*H. K. Chance,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, *William M. Nash,* County Attorney, and *Arthur Markve,* Assistant County Attorney, for respondent.

HALLAM, J.

1. Defendant was convicted of the charge of manufacturing intoxicating liquor contrary to the provision of chapter 455, p. 438, Laws of 1919, and he takes this appeal.

The statute reads as follows:

"The manufacture * * * of intoxicating liquor of any kind in any quantity whatever is prohibited within this state; provided that nothing in this act shall prevent the manufacture, sale or transportation of methyl or denatured alcohol, and provided further that nothing in this act shall prevent the manufacture, sale or transportation of methyl alcohol for chemical, mechanical, medicinal, pharmaceutical, scientific or industrial purposes, or of liquor for medicinal purposes, or of wine for sacramental purposes [or the use of so much alcohol as is necessary for legitimate purposes of extraction, solution or preservation in the manufacture of anything other than a beverage]."

The indictment charges that defendant "did wilfully, unlawfully, and wrongfully, manufacture one quart of intoxicating liquor, commonly called whiskey, to be used as a beverage and not to be used for chemical, mechanical, pharmaceutical, sacramental, scientific or industrial purposes; said whiskey then and there containing more than one-half of one per cent of alcohol by volume, said liquor not being a United States pharmacopoeia or national formulary preparation."

Defendant contends the indictment is defective because it does not negative the last exception in the statute which is inclosed in brackets. The contention is not well taken. In State v. Corcoran, 70 Minn. 12, 15, 72 N. W. 732, it was held that the test to determine whether an exception or proviso must be negatived in an indictment, is whether it is descriptive of the offense. If it is, it must be met by an allegation in

the indictment, otherwise not. See also State v. Minor, 137 Minn. 254, 163 N. W. 514. The exception, which merely permits the use of alcohol in the manufacture of certain other articles, is in no sense descriptive of the offense of illegal manufacture of intoxicating liquor.

2. There was evidence that defendant made a confession of guilt. Defendant excepts to the refusal of the court to charge the jury that if defendant made the confession under the influence of "fear and duress and expected favor" because of said statements, then the confession should be disregarded. This request was rightfully refused, because there was no evidence that defendant made the confession attributed to him under the influence of fear, duress or expected favor. There is evidence that he was very much "scared" when apprehended with the implements and products of manufacture all about him, but this fact has no tendency to prove duress.

3. Section 8462, G. S. 1913, provides that: "A confession of the defendant shall not be sufficient to warrant his conviction without evidence that the offense charged has been committed."

Defendant contends that the foundation required by this statute was not laid. This statute is confirmatory of a common law rule quite well established in this country. Wigmore, Ev. §§ 2070, 2071; Underhill, Crim. Ev. § 147; Elliott, Ev. § 292. Under this common law rule it is not considered necessary that the evidence independent of the confession should establish the corpus delicti beyond a reasonable doubt. The confession may be received if there is other evidence reasonably tending to prove the corpus delicti, and, if the confession and other evidence together make proof beyond a reasonable doubt, that is sufficient. Flower v. United States, 116 Fed. 241, 53 C. C. A. 271. Daeche v. United States, 250 Fed. 566, 162 C. C. A. 582; People v. Harrison, 261 Ill. 517, 104 N. E. 259; State v. Skibiski, 245 Mo. 459, 150 S. W. 1038; Davis v. State, 141 Ala. 62, 37 South. 676; State v. Banusik, 84 N. J. Law, 640, 64 Atl. 994. We think the rule should be the same under our statute. In State v. Laliyer, 4 Minn. 277, 284 (368), the court held otherwise of a statute (Comp. St. 1849-1858, c. 118, § 6), which is the same as our present statute, except that in place of the present provision that a confession shall not be sufficient to warrant

conviction "without evidence that the offense charged has been committed," it contained the words "without proof that the offense charged has been committed." The court held that the word "proof" meant "full proof" which establishes the fact beyond a reasonable doubt. The opinion carefully distinguished between "proof" and "evidence," and indicated that the use of the latter word would signify evidence tending only to prove the fact. With that construction of these words before them, the legislature, in adopting the Revised Statutes of 1866, substituted the word "evidence" for the word "proof." G. S. 1866, c. 73, § 93. The purpose is clear to make a change, and to require that the evidence other than the confession need only be evidence reasonably necessary to establish the corpus delicti. We do not think the opinion in State v. McLarne, 128 Minn. 163, 150 N. W. 787, is out of harmony with the foregoing. A remark to the contrary in the dissenting opinion in that case was made in oversight of the change in the language of the statute.

4. There is much evidence of the commission of the offense of illegal manufacture of intoxicating liquor. Defendant was caught in the act of distilling a liquor of some kind. He had seven tubs, containing raisin mash with a small quantity of barley in a state of fermentation. He had on hand a grain bag of barley. There were pans, kettles and utensils, and some bottles filled with a distilled liquor described as raisin whiskey and containing more than 30 per cent of ethyl alcohol. One bottle partly filled, with a tumbler beside it, was found on a table. Officers came to the house, and from outside saw defendant through the window, but when they entered found him in bed with his clothes on and much frightened. The only excuse presented by defendant for maintaining this plant was that he was manufacturing alcohol to be used in photography and to mix with varnish in fixing violins. The explanation did not go far to explain the extensive facilities for manufacture and extent of the manufacture in which defendant was engaged. Defendant's statement that the mash contained sulphuric acid and was therefore not fit for beverage was not under all the circumstances in evidence, conclusive of that fact. The state amply supplied the "other evidence" necessary to support the confession.

5. It was not error to refuse defendant's request for a specific instruction that the jury should not convict, unless there was proof beyond a reasonable doubt that the liquor produced in evidence does not contain methyl alcohol, sulphuric acid or other nonpotable substances. The court charged the jury that the state must prove its case beyond a reasonable doubt, and that, if the product manufactured contained substances rendering it unfit for a beverage, they must acquit. The giving of the requested instruction would have added nothing.

6. The court sentenced defendant to pay a fine of $500, or in default thereof, to be confined in the workhouse until the fine shall have been paid, not to exceed one year. The sentence was excessive. The statute (section 25) provides, for a first offense, a fine of from $100 to $500, and, for a second offense, a similar fine, and imprisonment for not less than 30 days nor more than 6 months. The period of commitment for nonpayment of the fine cannot exceed the limit of imprisonment prescribed by the statute. Mims v. State, 26 Minn. 494, 5 N. W. 369.

The judgment and sentence should be modified accordingly. Subject to this modification the judgment is affirmed.