## STATE v. WILLIAM McLEAN.[1]

### December 14, 1923.

### No. 23,648.

**Intoxicating liquor used as evidence.**
1. The use in evidence of intoxicating liquor taken without a search warrant from defendant's automobile, *held*, following State v. Pluth, supra, page 145, to be proper.

**Exceptions in criminal statute need not be negatived in indictment.**
2. Where a statute, in the enacting clause, defines a crime and then by proviso declares that the statute shall not apply in stated situations, the latter need not be negatived by the state, in a prosecution under the statute, either by averment in indictment or information, or by proof at the trial.

Defendant was charged with having intoxicating liquor in his possession for sale and transportation.   The trial was in the district

[1]Reported in 196 N. W. 278.

court for Cass county before Stanton, J., who at the close of the
state's case denied defendant's motion to dismiss and his motion for
a directed verdict, and a jury which found him guilty as charged in
the information. From an order denying his motion for a new trial,
defendant appealed. Affirmed.

*Frederick J. Miller,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy
Attorney General, and *Edward L. Rogers,* County Attorney, for
respondent.

STONE, J.

Defendant was convicted of the crime of having in his possession
intoxicating liquor for the purpose of transportation, contrary to
section 2 of chapter 455, p. 538, Laws 1919, as amended by section 2,
chapter 391, p. 590, Laws 1921, and appeals from the denial of his
motion for a new trial.

The assignments of error present two questions. The first has to
do with the manner in which the principal evidence against defend-
ant was obtained.

Incautiously, he left his automobile standing too long one evening
on the streets of Pine River. It aroused the curiosity of a passerby
to such an extent that he examined the tonneau and found a con-
siderable cargo of suspicious-looking liquid. One of the bottles was
taken forthwith to a deputy sheriff, who immediately made an in-
vestigation on his own account, seized the remaining liquor and
caused the arrest of the defendant.

It is claimed on his behalf that the liquor, which turned out to be
a potable concoction containing 26.5 per cent of ethyl alcohol, was
taken by an unreasonable search and seizure, and therefore that its
use in evidence was such a violation of his constitutional immunity
from that sort of thing that there should be a reversal for that
reason.

Unfortunately for the earnestness with which counsel for appel-
lant has presented this argument, together with all of the leading
authorities on both sides, the question has recently been put at rest
for this court by the decision in State v. Pluth, supra, page 145,
195 N. W. 789.

The only other attack on the result below is the claim that it was necessary, in order to make a complete case, for the state to prove that the beverage in question was not to be used for chemical, mechanical, medicinal, pharmaceutical, sacramental, scientific or industrial purposes.

That contention also must be denied. Independently of the law on the subject, it would be imposing altogether too much of a burden, and a somewhat absurd one, on the state, to ask it to prove, in a given case, that the liquid in question was of such a nature that, under the circumstances, the statute did not apply. If that were the rule, the state would have to prove, among other things, that the defendant was not a "regularly appointed and ordained priest, minister or pastor of any church or established religious organization" transporting "wine for sacramental purposes." The possible absurdities of the result and the unfair nature of the burden imposed upon the prosecution are cogent reasons for not adopting the argument, that negative exceptions, such as those in section 2 of the statute, must be disposed of by the state in order to make a case. But our decision is not put upon that ground.

The exceptions in section 2 are no part of the enacting clause, but are simply parts of a proviso enumerating acts of manufacture, sale and transportation, to which the statute does not apply. It is not necessary, therefore, to negative such exceptions, either in the indictment or by proof. State v. Nordstrom, 146 Minn. 136, 178 N. W. 164; State v. Corcoran, 70 Minn. 12, 72 N. W. 732; State v. Minor, 137 Minn. 254, 163 N. W. 514.

As stated in the last case, the law is: "If a proviso withdraws a case from the operation of the enacting clause, which, but for the proviso, would be within it, the proviso need not be negatived." [page 257.]

That, as indicated, is this case precisely. All of the negatives which, on the part of the defendant, it is insisted should have been established by the state's proof, are within a proviso, the only purpose of which was to make clear the fact that the statute did not apply to the acts and situations so enumerated. If, in a given case, a defendant is to be saved by one of the exceptions, it will be easy enough for him to prove it.

Order affirmed.