# STATE V. W. J. RUDDY.[1]

October 31, 1924.

No. 24,172.

**Indorsement of witnesses' names unnecessary on information by county attorney.**
1. The names of witnesses are not required to be indorsed on an information filed by a county attorney charging a criminal offense.

**Characterization of liquor sufficient.**
2. Charging a sale of intoxicating liquor for beverage purposes sufficiently specifies the character of the liquor.

**Testimony as to liquor sufficient.**
3. Testimony that the liquor sold was alcohol and intoxicating was competent to prove that it was within the class of liquor, the sale of which is forbidden.

**Charge was correct.**
4. The testimony as to the sale and character of the liquor being direct and positive and uncontradicted, the court did not err in charging that the jury should convict if they believed the testimony, but should acquit if they had a reasonable doubt of its truth.

Upon information of the county attorney defendant was charged in the district court for Kandiyohi county with the crime of selling intoxicating liquor for beverage purposes, tried before Qvale, J., and a jury, and found guilty. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*T. O. Gilbert* and *Daly & Barnard*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, and *Charles Johnson*, County Attorney, for respondent.

[1] Reported in 200 N. W. 631.

TAYLOR, C.

Defendant was convicted in the district court of Kandiyohi county of the crime of selling intoxicating liquor as a beverage and appeals from an order denying a new trial.

The defendant was tried upon an information filed by the county attorney charging him with the offense. He contends that the information is faulty because the names of the witnesses examined by the county attorney are not indorsed thereon. That the law does not require nor contemplate that the names of witnesses shall be indorsed upon an information was determined in State v. Workman, 157 Minn. 168, 195 N. W. 776.

The defendant further contends that the information does not state facts sufficient to constitute a public offense, for the reason that it fails to state the kind of liquor sold or that it was potable as a beverage. It charges defendant with a sale of "intoxicating liquor for beverage purposes." This was a sufficient specification of the kind and character of the liquor under the statute and imports that it was potable as a beverage. State v. Hosmer, 144 Minn. 342, 175 N. W. 683; State v. Brown, 151 Minn. 340, 186 N. W. 946.

The defendant further contends that the evidence is not sufficient to sustain the conviction, for the reason that it fails to show that the liquor sold was ethyl alcohol or potable as a beverage. One witness, who drank of it, testified that it contained alcohol; that it was intoxicating liquor. Another testified that it was alcohol; that he could feel it was intoxicating. Still another testified that it was alcohol; that it was intoxicating liquor. Under the cases above cited, such evidence was sufficient to sustain the verdict.

The defendant further contends that the court erred in charging the jury to the effect that the testimony showed that the liquor claimed to have been sold was intoxicating liquor within the meaning of the statute, and that if they believed the testimony they should convict. The court further charged in this connection that if they had a reasonable doubt of the truth of the testimony or of the making of the sale they should acquit.

Defendant offered no evidence whatever. He claims that the evidence on the part of the state did not show that the liquor sold was ethyl alcohol or potable as a beverage, but does not question its sufficiency in all other respects. The testimony as to the sale and the character of the liquor was direct and positive and free from contradictions or discrediting circumstances. If true, it clearly established defendant's guilt and the court did not err in so stating.

Order affirmed.