## STATE v. ROBERT LA DUE.[1]

October 23, 1925.

No. 24,806.

**Complaint need not negative provisos or exceptions in intoxicating liquor ordinance.**

1.   A complaint charging a defendant with unlawfully transporting intoxicating liquor in violation of the city ordinance of the city of Minneapolis need not negative the provisos or exceptions in the ordinance.

**Entry of complaint by municipal court clerk.**

2.   The municipal court act of that city authorizes the clerk to enter a complaint on the record against a person in custody, arrested without a warrant.

**Court may impose condition for continuance.**

3.   In a case triable without a jury, the court may properly impose a condition for a continuance asked by defendant that the testimony of a witness for the prosecution be taken immediately.

**Conviction sustained.**

4.   The evidence justified the conviction.

1.   See Intoxicating Liquors, 33 C. J. p. 729, § 447 (Anno).
2.   See Criminal Law, 16 C. J. p. 290, § 497 (Anno).
3.   See Criminal Law, 16 C. J. p. 510, § 938 (Anno).
4.   Intoxicating Liquors, 33 C. J. p. 759, § 503.

Defendant was charged in the municipal court of Minneapolis with wrongfully transporting intoxicating liquor, was tried before White, J., and found guilty. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*A. M. Cary* and *Nathan Rivkin,* for appellant.

*Neil M. Cronin,* City Attorney and *Arthur J. Jensen,* Assistant City Attorney, for respondent.

[1]Reported in 205 N. W. 450.

HOLT, J.

The appeal is from an order denying a new trial to defendant, convicted of a violation of a city ordinance prohibiting the transportation of intoxicating liquor.

Defendant and two others, Raichle and Hiller, were arrested on Hennepin avenue near Thirteenth street in Minneapolis in the afternoon of February 17, 1925. They were brought before the municipal court of Minneapolis the next day upon complaints entered on the court records. The one against defendant, purporting to be made by H. M. Burke, the custodian of persons under arrest by the police, states that "on the 17th day of February, 1925, at the City of Minneapolis, Hennepin County, Minnesota, the defendant, then and there being, did wilfully, unlawfully and wrongfully transport a quantity of intoxicating liquor containing more than one-half of one per cent alcohol by volume contrary to the provisions of the ordinance passed by the city council of the City of Minneapolis." Defendant pleaded not guilty. Two attorneys appeared for him, demanded that a written complaint be filed, objected to sufficiency of the above "tab complaint," and requested a continuance so as to prepare for trial until February 20. The objection to the complaint was overruled, and, on being informed that the prosecution deemed it important to take the testimony of Raichle and Hiller at once, since they were nonresidents and might get beyond the jurisdiction of the court if there was any delay, the court announced its decision to immediately take the testimony of the witnesses named and then continue the case until the date asked for by defendant. When this ruling was made, both of the defendant's attorneys withdrew from the case, and the court appointed Mr. Conley, who was in the court room representing Raichle and Hiller, to appear as counsel for defendant. The testimony of the two witnesses named was taken and the case continued. On the twentieth when the case was called, the same counsel who on the eighteenth abandoned defendant reappeared for him, moved to strike the testimony of Raichle and Hiller from the record and repeated the objection to the sufficiency of the complaint. The motion and objection were overruled, and the trial proceeded with the result stated.

Numerous errors are assigned, most of which are so palpably trivial that space should not be taken to note them. The main contentions are: Defendant's constitutional right to have reasonable time to prepare his defense was violated; the complaint upon which he was tried was insufficient both as to form and substance; and the evidence did not justify a conviction.

The granting of continuances is within the discretion of the trial court, and reasonable conditions may be imposed. We think the conditions here given reasonable. Subsequent events so prove. Although the court, after taking their testimony, ordered both Raichle and Hiller to appear on the twentieth, both defaulted. It is plain that defendant realized on the eighteenth, when the continuance was requested, the predicament of the prosecution if Raichle's testimony could not be obtained. Hiller's was rather unimportant. No reason for defendant's counsel not being able effectively to cross-examine Raichle on the eighteenth is suggested. No particular preparation could have been necessary for that purpose. Their client knew that he was with Raichle all the times at which the latter could give any testimony concerning the alleged unlawful transportation of liquor. Continuances are asked both for proper and improper purposes. Legitimate preparation to investigate the law and the facts and secure the attendance of witnesses is one thing, and seeking delay so that dangerous testimony might disappear or be unobtainable is quite another. When on the twentieth it appeared that Raichle and Hiller were not in court as ordered, and their attorney assured the court of their return from North Dakota as soon as notified, defendant's present counsel asked for no postponement of the trial so that their presence might be secured. The trial went on, and, although the time asked for to prepare had been granted, no testimony at all was offered in defense. In passing, it may be stated, that both Mr. Conley and the court were overly careful of defendant's rights in the taking of Raichle's and Hiller's testimony. No constitutional right of defendant was violated in the taking of the testimony of these two witnesses at the time it was taken.

It has been held that even on a felony charge triable to a jury it may be proper to impose as a condition to the granting of an asked-for continuance by the defendant that the testimony of a nonresident witness for the prosecution be first taken. State v. Kemp, 124 La. 85, 49 South. 987. Attorneys must understand that they cannot stop a trial by abandoning a case when displeased with a ruling of the court. Such conduct cannot be justified, even though intended for defensive purposes.

The ordinance involved is substantially a copy of sections 1-8 of chapter 455, pp. 537-543, L. 1919 (G. S. 1923, §§ 3200-3208), and virtually incorporates the provisos and exceptions of the statute. It was squarely decided in State v. McLean, 157 Minn. 359, 196 N. W. 278, that the exceptions need not be negatived in an information for a violation of the statute, and it follows that the same rule should be applied to a complaint for a violation of the ordinance. The complaint entered on the records of the court was therefore sufficient in substance, and the method of making it, as was here done, is authorized by this provision in section 17 of the Municipal Court Act of the City of Minneapolis (chapter 34, p. 609, Sp. L. 1889): "In cases where alleged offenders shall be in custody, and brought before the court or the clerk, without process, the clerk shall enter upon the records of the court a brief statement of the offense with which the defendant is charged, which shall stand in place of a complaint, unless the court shall direct a formal complaint to be made." State v. Olson, 115 Minn. 153, 131 N. W. 1084. Since the complaint entered by the clerk upon the record was specific enough to inform the defendant of the precise offense with which he was charged, it cannot be held that the court erred in refusing to order a formal complaint to be filed.

The sufficiency of the evidence to warrant a conviction is questioned. Raichle testified that on the fourteenth of February he with four men, one being Hiller, came to Minneapolis from Kulm, North Dakota, in automobiles; that on the seventeenth about 3 p. m., pursuant to some telephone communication, he found himself in the second story of a house on Lyndale avenue north bargaining with

a man for alcohol; paid him $140 for it; did not get any from the man, but was told to go downstairs; there he found defendant alone waiting in a large touring car, two large paper cartons being in the back seat; Raichle took his seat with defendant who drove without stopping to Hennepin avenue and Thirteenth street, where the two moved the cartons, first to a Ford coupe there standing, and, when some one else came up and claimed the coupe, then to Hiller's sedan near by; that defendant told witness if more alcohol was desired he, defendant, would bring it there.

Other witnesses corroborated Raichle as to how he and defendant transferred the cartons from defendant's car to Hiller's. It was also shown that within very few minutes after such transfer police officers, seeing the cartons in Hiller's car, arrested him. One of the officers took Hiller and his car to the police station and the other officers arrested defendant and Raichle as they were walking together on Hennepin avenue within a block from Thirteenth street. The cartons were taken into court the next morning, the officer who drove Hiller's sedan to the station identified them, and upon opening one it contained 5 one-gallon cans. One can was opened and two police officers, after qualifying as to their knowledge of intoxicants, testified that by tasting and smelling the contents they knew it to be alcohol.

In the absence of explanation of any sort, we think defendant's connection with the transportation of this can is amply proven, and also that the court was warranted in the conclusion that the liquid so transported was intoxicating liquor potable as a beverage. State v. Ruddy, 160 Minn. 435, 200 N. W. 631. The witnesses called the liquid alcohol. Courts take judicial knowledge of the fact that whiskey and brandy are intoxicating liquors. State v. Tisdale, 54 Minn. 105, 55 N. W. 903; State v. Lewis, 86 Minn. 174, 90 N. W. 318. Courts cannot very well refuse to take knowledge of the fact that the intoxicating ingredient in whiskey and brandy is alcohol. Authorities elsewhere are to the effect that alcohol is judicially known as an intoxicating liquor. Cureton v. State, 135 Ga. 660, 70 S. E. 332, 49 L. R. A. (N. S.) 182; State ex rel. v. Klein (Iowa)

174 N. W. 481; State v. Clancy, 121 Me. 83, 117 Atl. 304; People v. Palluch, 182 App. Div. 603, 169 N. Y. Supp. 917; State v. Kollar, 17 Okl. Cr. 133, 186 Pac. 968; Sebastian v. State, 44 Tex. Cr. 508, 72 S. W. 849. If defendant desired to show it to be alcohol coming within any provision excepting it from the prohibition of the ordinance, it was defensive matter. He cannot well complain of the omission of the prosecution to offer the cartons with contents in evidence. They were in court, and if their contents contained defensive evidence defendant had the opportunity of offering it.

The order must be affirmed.