STATE v. GEORGE MILLER.[1]

January 29, 1926.

No. 25,030.

**In information or indictment unnecessary to deny exceptions or provisos in statute unless they are part of definition or description of offense.**

1. Exceptions and provisos to a criminal statute do not require a negative allegation in an information or indictment unless they are, in the language of the statute, a part of the definition or description of the offense.

[1]Reported in 207 N. W. 19.

**Simple statement of facts sufficient.**
   2. A simple statement of the facts constituting the offense is sufficient.

   Indictments and Informations, 31 C. J. p. 720 n. 58.
   Intoxicating Liquors, 33 C. J. pp. 726 n. 12; 735 n. 49.

Defendant appealed from an order of the district court for Olmsted county, Callaghan, J., denying his motion for a new trial after conviction for the offense of selling intoxicating liquor. Affirmed.

   *M. D. Halloran,* for appellant.

   *Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *W. W. Smith,* County Attorney, for respondent.

WILSON, C. J.
Defendant was convicted of the crime of selling intoxicating liquor. He now appeals from an order denying his motion for a new trial.

It is urged that the information fails: (1) To state that the sale was not for permitted purposes; and (2) that it does not state that the liquor was sold for the purpose of being used as a beverage and contained one-half of one per cent or more of alcohol by volume.

G. S. 1923, § 3201, prohibits the sale of intoxicating liquor. The words "the * * * sale * * * of * * * intoxicating liquor * * * is prohibited within this state" define the offense. This definition does not include any exception or proviso. Later in the section there are several. Under such a statute an information or indictment, in alleging the facts constituting the offense, need not negative the cases permitting the sale of liquor because such is no part of the description of the offense. Illustrations of laws necessitating a negative allegation are these: State v. Corcoran, 70 Minn. 12, 72 N. W. 732; State v. Jarvis, 67 Minn. 10, 69 N. W. 474; State v. McIntyre, 19 Minn. 65 (93); State v. Tracy, 82 Minn. 317, 84 N. W. 1015. Cases that illustrate laws which do not include the exception or proviso within the description of the offense include: State v. Nordstrom, 146 Minn. 136, 178 N. W. 164; State v. McLean,

157 Minn. 359, 196 N. W. 278; State v. LaDue, 164 Minn. 499, 205 N. W. 450. All these decisions support the rule involved.

To charge in the information that defendant unlawfully sold intoxicating liquor potable as a beverage, to-wit: One-half pint of moonshine alcohol to a person named and ending with the usual formal language, is sufficient. State v. Brown, 151 Minn. 340, 186 N. W. 946; State v. Tremont, 160 Minn. 314, 200 N. W. 93; State v. Ruddy, 160 Minn. 435, 200 N. W. 631. If the evidence establishes that the thing sold was moonshine alcohol, no time need be spent in the first instance on percentages. If the liquor is potable as a beverage, it is unnecessary to allege that the purpose of the unlawful sale is to permit its use as such.

Affirmed.